### WEAVER *et al. v.* McCULLAR.

1. Where in open court counsel for the opposing parties agree that one of the plaintiffs has died and that no legal representative of this one has been made a party, and for this reason the action is dismissed on oral motion, the other plaintiffs cannot afterward successfully contend that the dismissal was error because such death did not appear from any writing in the case.

2. There being but one possible construction of the will, and the plain-

tiffs not contending for any other, there was no need for a construction of it by a court of equity; and its terms could have been applied in a settlement in the court of ordinary. Remaindermen who had no cause of action when they with the life-tenant brought the suit could not proceed therein on a cause of action accruing to them on the death of the life-tenant during its pendency.

3. The contention that the failure of a defendant executor to specify, in a voluntary statement attached to his answer as an exhibit, for what purpose certain checks were drawn by him as executor, " shows that he is wasting the estate," is not sustainable.

No. 1937. JANUARY 13, 1921.

Equitable petition. Before Judge Park. Baldwin superior court. February 16, 1920.

*Sibley & Sibley,* for plaintiffs.

*Allen & Pottle,* for defendant.

FISH, C. J. A testator gave all his estate to his widow for life, with remainder over to his children by her, and if any of his children should die leaving a child or children, then they should take the share of their deceased parent. He nominated one of his sons as sole executor, who, upon probate of the instrument, qualified. Three of the remaindermen filed in the court of ordinary a petition against the executor for an accounting and settlement. He answered that under the will the petitioners had only an interest in remainder in the testator's estate after the death of their mother, the life-tenant, and, as she was then in life, they were not entitled to call him to an accounting and settlement. The will expressly relieved him from giving bond, making an inventory and returns. To his answer, however, he attached as an exhibit an itemized statement of his receipts and disbursements, and prayed that it be entered of record. It appears from this statement that the disbursements were by checks, and the names of the persons to whom they were given are shown, except in a few instances, but the character of the claims for which they were drawn is not stated, except for taxes, payment of a bank note of the testator, and a good many payments to the life-tenant. While this proceeding was pending in the court of ordinary the same remaindermen and the life-tenant filed in the superior court an equitable petition alleging the pendency of such proceeding, attaching as exhibits copies of the petition and the answer therein, and of the will; alleging further that the answer of the executor to the petition in the court of ordinary called for a construction

of the will in order to ascertain the rights of the petitioners under its provisions, and that " said answer [filed by defendant in the court of ordinary] shows that he is wasting the estate." The prayers were, that the court of equity take jurisdiction of the entire litigation; that defendant be enjoined from further proceeding in the ordinary's court, and that he come to a full and final accounting and settlement with the petitioners; and for general relief. On the trial the court rendered the following judgment: " It appearing to the court that it is admitted in open court by counsel for both sides that at the date of the filing of the within petition [the widow and life-tenant, one of the parties plaintiff] was in life, and that since [she] has departed this life, and that her legal representative, who is the defendant, . . her executor, has not been made a party plaintiff, on motion of defendant's counsel (ordered?) that the petition be and the same is hereby dismissed, with costs against the plaintiff." To this judgment the plaintiffs excepted.

1. Where counsel for plaintiff and defendant agree in open court that one of the parties plaintiff in the case has died pending the suit, and that the legal representative of the decedent has not been made a party, and for this reason the case is dismissed on oral motion of defendant's counsel, the other parties plaintiff will not thereafter be heard to contend that the dismissal was error because the death of such plaintiff did not appear from any writing in the case.

2. Whether the dismissal should have been based on the ground that the defendant, who had qualified as the executor of the will of the deceased plaintiff, had not been made a party plaintiff in the action against himself, the judgment of dismissal was clearly authorized, because the will expressly gave all the estate of the testator to his widow for life, with remainder over to his children by her, and should any of the children die leaving child or children, then they should take the share of the deceased parent; and the instrument could not be construed otherwise — indeed, the petitioners did not contend for any other construction. Therefore there was no necessity for a construction of it by a court of equity. Its explicit and definite terms could have been applied in a settlement in the court of ordinary. The remaindermen had no cause of action when they and the life-tenant brought the suit,

and they could not as remaindermen under the will proceed in that suit on a cause of action accruing during its pendency on account of the death of the life-tenant.

3. Nor did the petitioners, as remaindermen, have the right to maintain the action on the alleged ground of waste by the executor. The only allegation as to waste in the petition was that the answer of the defendant in the court of ordinary "shows that he is wasting the estate," the contention being that the mere failure of the executor to show, in the voluntary statement attached to his answer as an exhibit, for what purpose the checks were drawn by him is evidence of waste by him of the estate. We can not agree to the soundness of this contention.

　　　　　　　*Judgment affirmed. All the Justices concur.*