WILLIAMSON *v.* WILSON, Secretary of State.

No. 13010. FEBRUARY 15, 1940.

*Abe Tenenbaum* and *Charles E. Donnelly,* for plaintiff.

*Ellis G. Arnall, attorney-general,* and *E. J. Clower, assistant attorney-general,* for defendant.

BELL, Justice. N. H. Williamson instituted against John B. Wilson, as Secretary of State, an action for the writ of mandamus to require the defendant to issue and deliver to the plaintiff an order or voucher for a balance of salary alleged to be due to him as a member of the State Board of Barber and Hair-Dresser Examiners. The court sustained a general demurrer and dismissed the action, and the plaintiff excepted.

The petition as amended contained three counts. Only the second and third counts are relied on in this court. The second count was based upon the theory that the plaintiff was entitled under the law to a salary of $10 per day for the time actually served by him; that he actually served 721 days during a stated period which ended March 15, 1938; that the total sum paid to him amounted to only $7.50 per day, and that he was therefore entitled to a balance of $2.50 for each of the 721 days served, or a total balance of $1802.50. In the third count it was alleged that the plaintiff was appointed as a member of the board on November 9, 1935, for a term which did not expire until November 9, 1938; his salary was fixed by law at $10 per day for actual service; on March 15, 1938, the other members of the board ceased to recognize him as a member, and denied to him the right to continue as a member, not-

withstanding he reported regularly for duty and continued to do so until the end of his term, November 9, 1938. If he had been permitted to serve to the end of his term, he would have worked 205 days from March 15 to November 9, 1938, earning $2050, and the defendant should be compelled to issue and deliver to him a voucher for this sum. It was further alleged that the other members of the board informed plaintiff that they refused to recognize him because he had been ousted from office by the act of the General Assembly approved February 12, 1938, entitled "An act to provide for the confirmation by the Senate of appointees of the Governor for public office; and for other purposes." The plaintiff alleged that this statute was unconstitutional for various reasons stated. In each count it was alleged that in the past vouchers for plaintiff's salary had been issued by John B. Wilson, Secretary of State, or his predecessor in office, and that such was the duty of that officer.

In a suit for the writ of mandamus, the duty which the complainant seeks to have enforced must be a duty arising by law either expressly or by necessary implication, and the law must not only authorize the act to be done but must require its performance. *Wood* v. *Puritan Chemical Co.,* 178 *Ga.* 229 (6) (172 S. E. 557). There are several statutes relating to the board of which the present plaintiff was a member, but in none of them is there any provision which can be construed as placing a duty upon the Secretary of State to act as treasurer or disbursing officer for such board, and even if he acted in this capacity for a time as alleged in the petition, this would not fix upon him an official duty to continue doing so. Under the various statutes it may be somewhat doubtful whether a voucher for a proper claim against the board should be issued by the "joint-secretary" of examining boards, or by some other officer; but even if, on the other hand, this question should be apparently free from doubt, we still should refrain from declaring that the duty rests upon any particular officer who is not made a party defendant. The petition in the instant case was brought only against the Secretary of State, and regardless of other possible defects it was properly dismissed on general demurrer, because the law does not place upon that officer the duty to perform the act which the plaintiff seeks to have enforced. We do not deem it necessary to quote or state the provisions of the law regarding this

question, but will merely cite the statutes, an examination of which it is thought will clearly show that the petition did not state a cause of action. Ga. L. 1914, p. 75, §§ 5, 6, 7; Ga. L. 1931, pp. 35-37, 157-159; Ga. L. 1937, pp. 208-210; Code, §§ 84-101, 84-102, 84-405, 84-406. *Judgment affirmed. All the Justices concur.*