## BUTLER *v.* ELLIS, Chief of Police.

CANDLER, Justice. The exception here is to a judgment sustaining a general demurrer to a petition seeking declaratory relief. In brief, the petition alleges that the plaintiff is a bona fide member of the Pickwick Club Inc., a purely social club composed of approximately 200 members. Quarters for the club have been furnished and are maintained in Fulton County, where the members socially meet to dine and enjoy such cocktails as they desire. Only bona fide members of the club are admitted. The plaintiff contends that the club can legally serve intoxicating drinks to the members thereof so long as the public is excluded. The defendant, as Chief of the Fulton County Police, contends that such an act is illegal and violates penal statutes of this State. The prayers were for a declaration of the rights of the plaintiff in this respect and of those of the other members of the club similarly situated; and that, until these rights can be determined, the defendant be restrained and enjoined from molesting him or his associates in the operation of their club in this respect. *Held:*

The court did not err in sustaining the grounds of general demurrer, since the allegations of the petition are insufficient to state a cause of action for any relief prayed. The invariable requisite of an actual justiciable controversy is absent. In Anderson on Declaratory Judgments, p. 818, § 342, the author said: "Not only may a declaratory action not be used to determine whether a proposed plan of conducting a business amounts to a violation of criminal law in advance of undertaking such business, but such action may not be resorted to for determination of whether or not the plan or business already in existence violates a penal statute." It has been the law of this State for a long time that "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. The allegations of the petition in the present case do not take it out of the above rule. In Reed *v.* Littleton, 275 N. Y. 150 (9 N. E. 2d, 814), it was said: "The futility of resorting to equity to determine whether certain or uncertain facts constitute crime is apparent when we consider the different measure of proof in criminal and civil cases. Should equity declare on disputed testimony or conflicting inferences by a fair preponderance of the evidence that a penal violation was proved, what would be the effect? None. It would not and could not be binding as res judicata or even as stare decisis in a subsequent prosecution where guilt must be established beyond a reasonable doubt. Should equity hold that no offense had been committed, it would not be binding where the subsequent proof varied. In the meantime the applications for injunctions staying the criminal trials pending the hearing of the equity cases for declaratory judgments would disrupt prosecutions for crime and we would have more delay than at present. The policy of this State is to reduce delays in the trying of all cases, not to increase them by resort to unnecessary procedure. There is no need nor necessity for a resort to a trial in equity to determine whether a scheme or device is gambling within the penal law. We might as well try out a larceny or a bigamy case in equity. No doubt

criminal prosecutions are always annoying and may disarrange the defendants' income and finances, but never yet has this been sufficient to change the usual and customary course of prosecutions for crime. The declaratory judgment has proved and no doubt is a useful procedure, but its usefulness will soon end when its advocates seek to make it a panacea for all ills, real or imaginary." In the present case, since the State is not a party and in fact can not be made such without its consent, an adjudication favorable to the plaintiff could not be pleaded in bar as res judicata in a criminal prosecution by the State; therefore the relief prayed, if granted, would be fruitless.

*Judgment affirmed. All the Justices concur.*

No. 16187. May 14, 1948.

*Harris, Henson & Spence,* for plaintiff.

*Ralph H. Pharr, W. S. Northcutt, Durwood T. Pye,* and *E. A. Wright,* for defendant.