18573. COOK, Attorney-General, *v.* SIKES, Sheriff.

ARGUED MAY 10, 1954—DECIDED MAY 31, 1954—
REHEARING DENIED JUNE 15, 1954.

*John W. Wilcox, Jr., Assistant Attorney-General, Broadus B. Zellars, E. Freeman Leverett,* for plaintiff in error.

*W. C. Hodges, Paul E. Caswell, Geo. L. Smith, II, Myrick & Myrick,* contra.

CANDLER, Justice. On September 23, 1953, a grand jury in Liberty County made and submitted a presentment to the superior court of that county, reading as follows: "We, the grand jury, find that the intoxicating liquor laws of the State of Georgia prohibiting the sale of intoxicating liquors are being violated and that the Sheriff of Liberty County has knowingly failed and neglected to enforce the laws of this State relating to the sale of intoxicating liquors." The same grand jury also recommended that a copy of its presentments be sent to the Governor of Georgia for such action as he might deem proper and necessary. By order of the presiding judge, a certified copy of the grand jury's presentments was forwarded to the Governor. On September 28, 1953, and in compliance with Annotated Supplement Code §§ 58-1043 and 58-1044, Honorable Herman E. Talmadge, Governor of Georgia, cited Paul H. Sikes, as Sheriff of Liberty County, to show cause before him on October 7, 1953, at 9 a. m. in Atlanta, Georgia, at a designated place in the State Capitol, why he should not be removed from office. The respondent was physically unable to attend on the day fixed by the citation, and the hearing was continued until a later designated date. On October 21, 1953, Paul H. Sikes, Sheriff of Liberty County, filed a petition for declaratory relief in the Superior Court of Liberty County against Frederick W. Mingledorff, Jr., as foreman of the presenting grand jury, and 22 other persons as the remaining members of the same grand jury. And as defendants, he also named John W. Underwood, an attorney of Liberty County; U. A. Moss, J. B. Fraser, F. F. Rambo, and W. A. Gassaway, individually and as members of a so-called Citizens Committee of Liberty County; and Eugene Cook, as Attorney-General of Georgia, alleging that Cook resides in Fulton County. In addition to the above facts, and insofar as it need be shown, his petition also alleges: The defendant John W. Underwood and the defendants Frederick W. Mingledorff and Roy Keel, as foreman and member respectively of the presenting grand jury, conspired and confederated together during

the course of the grand jury's investigation of the petitioner, and they were active in their efforts to bring about the finding and the presentment which the grand jury made and submitted to the court against him. The defendant Underwood, at the request of the grand jury and after it had notified him of its finding, prepared the presentment which the grand jury afterwards adopted and which it submitted to the court against him. These three defendants also conferred with the defendant Eugene Cook as to the procedure which the Governor should follow in removal proceedings, and they gave him (Cook) a list of the witnesses who should be subpoenaed to appear at the removal hearing before the Governor. The aforementioned members of the Citizens Committee, individually and as a group, conspired and confederated with the defendant Underwood and with the defendants Mingledorff, Keel, and other members of the grand jury unknown to the pleader, with a view and for the purpose of causing the grand jury to investigate him; and, by their acts and their testimony before the grand jury, they were instrumental in causing the grand jury to make its finding and presentment against him. However, it is not alleged anywhere in the petition that Underwood, or any member of the Citizens Committee, or any member of the grand jury, did anything in connection with the investigation wilfully, maliciously, corruptly, or without probable cause; nor is it alleged in the petition that the grand jury's finding and presentment was in fact untrue. The petition also alleges that Eugene Cook is the Attorney-General of Georgia, and as such is the advisor and legal counsel of the Governor. It is also alleged in the petition that section 9-B of an act which the legislature passed in 1938, known as the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. Ex. Sess. 1937-38, pp. 103, 114; Code, Ann. Supp., §§ 58-1043, 58-1044), is for enumerated and specified reasons unconstitutional, and therefore null and void. That section of the act imposes a duty on the grand juries in all of the counties of the State at their regular or special sessions, to investigate any violation of the laws of this State prohibiting the illegal sale of intoxicating liquors, and to further investigate the conduct of the sheriffs of the several counties of this State respecting their effort to enforce the law relating to intoxicating liquors. This

section of the act also provides: "In the event of any Grand Jury making a finding or presentment that the Sheriff of such county has knowingly failed or grossly neglected to enforce the laws of this State relating to the sale of intoxicating liquors, a certified copy of such finding or presentment shall be forwarded to the Governor, and it shall thereupon be his duty to remove said Sheriff from office, if after a public hearing he finds such facts to be true." The prayers of the petition were for an order fixing a time and place for hearing his complaint; for process, for service, and for the issuance of a second original, with appropriate process, for service in Fulton County on the defendant Eugene Cook, as Attorney-General; for a judgment declaring the rights and other legal relations of the petitioner; and for a judgment declaring section 9-B of the aforementioned liquor control act of 1938 to be invalid or unconstitutional.

The defendant Eugene Cook, as Attorney-General of Georgia, demurred to the petition generally upon the following grounds: (1) the petition does not as a whole nor do any of its several paragraphs or parts state a cause of action for declaratory relief; and (2) because it is fatally defective as an application for declaratory relief, since it fails to name a party defendant who has an interest in the controversy antagonistic to that of the petitioner. The demurrers were overruled and there is a proper exception to that judgment. The defendant Cook, as Attorney-General, also answered the petition, and on stipulated facts the court entered a judgment granting all of the relief for which the petitioner prayed. There is also an exception by the answering defendant to that final judgment.

Under our Declaratory Judgment Act which the legislature passed in 1945 (Ga. L. 1945, p. 137), the respective superior courts of this State have power on petition therefor to declare the rights and other legal relations of an interested party, (a) in cases of actual controversy; and (b) in any civil case in which it appears to the court that the ends of justice require that such a declaration should be made for the guidance and protection of the petitioner. Code (Ann. Supp.) § 110-1101 (a-b); *Calvary Independent Baptist Church* v. *City of Rome,* 208 *Ga.* 312 (66 S. E. 2d 726). But, in either event, a declaration will be refused where no party to the proceeding has an interest in the contro-

versy adverse to that of the petitioner. 16 Am. Jur. 300, § 26. "It may be stated as a general rule, applicable to declaratory judgment actions generally, that the parties seeking to maintain the action must have the capacity to sue, and must have a right which is justiciable and subject to a declaration of rights, and it must be brought against an adverse party with an antagonistic interest." Anderson on Declaratory Judgments (2d ed.) 364, § 185. "Actions or opinions are denominated 'advisory' when there is an insufficient interest in the plaintiff or defendant to justify judicial determination, where the judgment sought would not constitute specific relief to a litigant or affect legal relations or where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive." Borchard on Declaratory Judgments (2d ed.) 35; Garden City News *v.* Hurst, 129 Kan. 365 (282 Pac. 720). For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute. 16 Am. Jur. 299, § 26. There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued. *Brown* v. *Lawrence,* 204 *Ga.* 788 (51 S. E. 2d 651). The rule seems to be clear and well settled in this and other jurisdictions, that failure to name an adverse party or parties with an antagonistic interest is fatal to justiciability in an action for declaratory relief. Anderson on Declaratory Judgments, 298, § 155. Measured or tested by these rules, does the petition in the instant case state a cause for declaratory relief? We are not inclined to think so. The controversy about which the petitioner complains is in reality the removal proceeding before the Governor, and the Governor is not a party to the instant suit. As we construe the petition, none of the defendants have any interest in the controversy antagonistic to any right or rights asserted by the plaintiff. While the petition does allege that those defendants residing in Liberty County conspired and confederated with each other, it nevertheless shows that they "conspired and confederated with each other" to do a lawful act, and conspiracy consists in a corrupt agreement to do an unlawful act, unlawful either as a means or as an end. *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488); *Carter* v. *State,* 141 *Ga.* 308 (80 S.

E. 995). The grand jury as a body and its members individually, being an arm of the law and a part of the machinery of government, are not subject to question in any court for its or their action in the performance of grand jury duties, and no rule of law of which we have any knowledge is better settled than this. Code § 105-807; *Thornton* v. *Marshall*, 92 *Ga.* 548 (17 S. E. 926); United States *v.* Smyth, 104 Fed. Supp. 283. Independently of section 9-B of the liquor control act of 1938, and even before the passage of that act, it was the duty of a grand jury to investigate and present county officers for any misconduct in the performance of their official duties. Code (1933) § 2-8301. As to the defendants John W. Underwood and the individual members of the so-called Citizens Committee, the petition shows no more than an effort on their part to assist the grand jury, as any good citizen should, in a proper discharge of the duties imposed upon it by law; hence, it cannot be said by this court that they have, because of any concern manifested in and exerted by them in better county government, any interest in the outcome of the removal proceeding antagonistic in any way to the rights of the petitioner. As to the defendant Eugene Cook, the Attorney-General of Georgia, the petition simply alleges that he, as Attorney General, has performed and is performing those official duties which the law imposes upon him; and such an allegation, therefore, fails to show that he has any adverse interest in the controversy antagonistic to that of the plaintiff. For want of an interested, and therefore indispensable, party defendant, it must be held that the petition failed to state a cause of action for declaratory relief, and the court erred in overruling a demurrer to the petition raising that question; and since the petition fails to name an adversely interested, and therefore indispensable, party or parties defendant, this court is without jurisdiction to pass on the constitutionality of section 9-B of the aforementioned liquor control act of 1938. The courts of this State will refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered, will not terminate the controversy or remove the uncertainty giving rise to the proceeding. Code (Ann. Supp.) § 110-1109. It will likewise refuse to render a declaratory judgment or decree when such judgment or decree will be only advisory in character or

fruitless. *Butler* v. *Ellis*, 203 *Ga.* 683 (47 S. E. 2d 861). It is not necessary for us to pass on any other question presented by the record, since the petition should have been dismissed on general demurrer, and all rulings thereafter made in the case were nugatory.

*Judgment reversed. All the Justices concur; Duckworth, C. J., concurs in the judgment only; Wyatt, P. J., concurs specially; Head, J., concurs in the judgment.*

WYATT, P. J., concurring specially. I concur in the judgment, but not for the reasons given in the opinion. It is my opinion that the petition does not set out a proper case for the application of the declaratory judgment statute regardless of whether or not there are proper parties.