## 19418. VENABLE, Executor, *v.* DALLAS.

ARGUED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

*Francis Fife, James R. Venable, Margaret Hopkins*, for plaintiff in error.

° *Augustine Sams*, contra.

ALMAND, Justice. It has been said that the declaratory-judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going (Declaratory Judgments, by Robert M. Hitch, 7 Ga. Bar Journal, p. 132). However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing, has no need either of artificial light or judicial advice. In the instant case, the executor of the will of Lizzie Ponder sought a declaration of his rights as executor to retain possession and control of an automobile as against William Dallas, the legatee under her will. He asserted with confidence and certainty of his position, that the testatrix had bequeathed the automobile to Dallas on condition that he would "during my lifetime, make reasonable efforts to care for my welfare . . . and . . . shall pay . . . all city, state and county taxes against my real and personal

property during my lifetime," and alleged that Dallas had wholly failed to perform these conditions, and that he is "threatening to disrupt the orderly administration of said estate by summarily taking possession and control of said property." In the brief of counsel for the executor, it is stated that the item as to the automobile is plain and simple and does not require a construction by the court. It might also be added that a court of equity will not construe a will when requested by the executor "on imaginary difficulties or from excessive caution." Code § 37-404; *Weaver* v. *McCullar*, 150 *Ga.* 820 (2) (105 S. E. 476). The instant case discloses that the executor is not uncertain or insecure as to his rights to retain the automobile (Code, Ann. Supp., § 110-1111), and therefore the trial court properly sustained the ground of the general demurrer that the petition did not set forth a cause of action for a declaratory judgment.

*Judgment affirmed. All the Justices concur.*