41216. FOURTH STREET BAPTIST CHURCH OF COLUMBUS
et al. v. BOARD OF REGISTRARS et al.
(320 SE2d 543)

WELTNER, Justice.

The Fourth Street Baptist Church and others requested designation as a voter registration site pursuant to OCGA § 21-2-218 (f).[1] The Columbus Board of Registrars refused, based on its policy of not designating any church as a voter registration site.

The church filed complaint seeking a declaratory judgment that the acts and policies of the Board are "invalid, illegal and in violation of the rights of Plaintiffs and their class secured by the Constitutions and laws of the United States and the State of Georgia." The church

---

[1] OCGA § 21-2-218 (f) provides: "All voter registration places shall be places open to the general public and frequented by the general public. Such places for temporary or permanent voter registration may include, but shall not be limited to, any of the following: churches, governmentally funded and managed public housing facilities, public social agencies, public child care centers, public recreation centers, public buildings and shopping centers, multi family apartment complexes, child care centers, and educational facilities, provided that such places are in fact open to and frequented by the general public."

also sought a ruling that OCGA § 21-2-218 (f) is constitutional, and is not violative of the First Amendment.

The trial court granted the Board's motion to dismiss, observing that under the statute the Board has discretion in designating registration sites, and that any attack upon such designations must be by way of mandamus, not declaratory judgment.

1. Our Declaratory Judgment Act, OCGA § 9-4-2, provides that the superior courts may declare rights and other legal relations of any parties petitioning for declaratory relief in "cases of actual controversy," or when "the ends of justice require that the declaration should be made." The purpose of the Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. The proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends. Thus, a court may not declare the rights of parties when there is no actual or justiciable controversy, *Darnell v. Tate*, 206 Ga. 576 (58 SE2d 160) (1950); it has no province to determine whether or not a statute, in the abstract, is valid, *Cook v. Sikes*, 210 Ga. 722 (82 SE2d 641) (1954), or to give advisory opinions. *Liner v. City of Rossville*, 212 Ga. 664 (94 SE2d 862) (1956).

Those plaintiffs who are unregistered voters face no uncertainty or insecurity with respect to their voting rights, nor any risk stemming from undirected future action. There are twenty-six satellite voter registration sites in a county of 170,000 people, and any Muscogee citizen, on almost any day, can find a place to register. "It has been said that the declaratory-judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going. (Cit.) However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing, has no need either of artificial light or judicial advice." *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416) (1956).

Absent an actual controversy involving palpable insecurity, a court is without power to act by way of declaratory judgment. *McDowell v. Judges Ex Officio*, 235 Ga. 364 (219 SE2d 713) (1975).

2. Mandamus is an appropriate remedy to compel official action when a public official has discretion to act, but arbitrarily and capriciously refuses to do so. There must be, however, a clear legal right and a clear legal duty. "[T]he law must not only authorize the act to be done but must require its performance." *Williamson v. Wilson*, 189 Ga. 652, 653 (7 SE2d 241) (1940).

Nothing in OCGA § 21-2-218 (f) requires that a Board of Registrars designate churches as voter registration sites, and nothing requires that the Fourth Street Baptist Church be so designated. Even so, the church at no time has sought mandamus relief. Rather, it asked only for a ruling that a policy be declared invalid and a statute

be declared constitutional. As declaratory judgment is inappropriate, and because mandamus was not sought, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, and Gregory, J., who concurs specially.*

DECIDED OCTOBER 2, 1984.

*M. Laughlin McDonald,* for appellants.
*Eugene H. Polleys, Jr.,* for appellees.
*Michael J. Bowers, Attorney General, Patrick W. McKee, Assistant Attorney General,* amicus curiae.

GREGORY, Justice, concurring specially.

I concur in the majority opinion and write only to make clear an issue not presented by this case. There has been no attempt to show discrimination in the designation of voter registration sites. Considering the number of sites (26) it is rather unlikely anyone is discriminated against. Of course, if discrimination had been shown an entirely different analysis would be required.