## A92A0522. LOWMAN v. THE STATE.
(420 SE2d 94)

BIRDSONG, Presiding Judge.

We granted this interlocutory appeal of the trial court's order denying Ranell Lowman's plea in bar based upon the running of the four-year period of limitations. This appeal arises from the same underlying facts as *State v. Lowman,* 198 Ga. App. 8 (400 SE2d 373), in which this court affirmed the trial court's grant of Lowman's plea in bar because of the period of limitations on all but one of the counts of theft by conversion against Lowman. We reversed the trial court on the remaining count because we found that offense was within the period of limitations. The State now seeks to prosecute Lowman for perjury (OCGA § 16-10-70).

The record shows that on January 30, 1990, Lowman was indicted for allegedly committing perjury on March 1, 1985, during a probate court hearing on a motion for an accounting of his brother's estate of which he was executor. According to the indictment, Lowman testified falsely about his handling of the estate. In general, his testimony was that he had properly performed his duties as executor and that money was available to close out the estate. When Lowman, the heirs, and the probate judge went to the bank, however, there was only $7 in the estate's account. On the motion of one of the heirs, Lowman was removed as executor on August 9, 1985.

On October 9, 1989, Lowman was indicted for 14 counts of theft by conversion from the estate, and upon Lowman's assertion of a plea in bar, as noted above, this court affirmed the trial court's dismissal of 13 counts. Thereafter, in January, 1991, Lowman was indicted for perjury.

Lowman again asserted a plea in bar based on expiration of the period of limitations, but this time the trial court denied that plea because it found that perjury is an offense against public administration and the "offense was unknown as contemplated by OCGA § 17-3-2 (2) until discovered and disclosed to the District Attorney . . . during the summer and fall of 1989." Lowman contends this ruling was erroneous. *Held:*

The knowledge at issue in OCGA § 17-3-2 (2) is the knowledge of the State, including that imputed to the State through the knowledge

of the prosecution, the knowledge of someone interested in the prosecution, or the knowledge of one injured by the offense. *Duncan v. State*, 193 Ga. App. 793-794 (389 SE2d 365); *State v. Brannon*, 154 Ga. App. 285, 287 (267 SE2d 888). In this appeal, even though perjury is classified as an offense against public administration, the heirs and the probate judge were interested in the prosecution because of the potential effect Lowman's perjury could have had upon the motion pending in the probate court. Further, if the perjury had been successful, the heirs, if not the probate judge would have been injured by it. In *Sears v. State*, 182 Ga. App. 480, 481-482 (356 SE2d 72), we held that when the offense is known by an injured party, the statute begins to run and that if a crime against the public involves also a wrong upon an individual, who is not a party to the crime, the knowledge of the victim is imputed to the State, even though the victim does not represent the State in an official capacity. Accord *Womack v. State*, 260 Ga. 21, 22 (389 SE2d 240). Further, in *Lowman v. State*, supra, we held that the knowledge of the heirs, as persons interested in Lowman's prosecution or injured parties, would be imputed to the State. The same reasoning applies in this appeal.

As the heirs knew as early as March 1, 1985, that Lowman, in the judicial proceeding in the probate court, knowingly and wilfully made false statements material to the issue before the probate court, both the person committing the crime and the crime were known within the meaning of OCGA § 17-3-2 (2) and therefore the period of limitations was not tolled. Moreover, in this appeal Lowman's perjury was also known to the probate judge, and, pretermitting whether the judge could qualify as a victim of perjury, as the presiding official of the court in which the perjury was committed, the probate judge also has an interest in the prosecution of anyone who commits perjury in his court. Thus, the knowledge of the probate judge is also imputed to the State for purposes of OCGA § 17-3-2 (2).

Accordingly, the trial court erred by denying Lowman's plea in bar because the statute of limitation was not tolled. *Womack v. State*, supra; *Duncan v. State*, supra. Therefore, the judgment is reversed and the case remanded to the trial court with direction that the plea in bar be granted.

*Judgment reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 24, 1992.

*William L. Reilly*, for appellant.
*Roger Queen, District Attorney*, for appellee.