### A94A1951. TIDWELL v. THE STATE.
### A94A1952. WILLIAMSON v. THE STATE.
(453 SE2d 64)

BEASLEY, Presiding Judge.

Co-defendants Tidwell and Williamson appeal their convictions for leaving the scene of an accident with death and serious bodily injury (OCGA § 40-6-270) and giving false statements (OCGA § 16-10-20).

The evidence construed in favor of the verdicts showed the following. Tidwell, Williamson, and Glover rode together in Tidwell's truck from Newnan to a club in LaGrange, arriving about 8:00 p.m. Williamson drove because Tidwell had already consumed eight or nine beers. The men stayed until the establishment closed between 12:00 and 12:30 a.m. and left in Tidwell's truck. Williamson drove, heading north, Tidwell was in the passenger seat, and Glover was in the truck's open cargo area until he was thrown or fell out.

Around 1:00 a.m. driver O'Donnell was traveling south and saw the truck pulled over to the road's west side. As O'Donnell slowed, she noticed Glover lying in the middle of the road next to a lounge chair and Tidwell and Williamson standing outside Tidwell's truck. O'Donnell drove to a nearby friend's house to get assistance. Meanwhile, Williamson got back in Tidwell's truck, made a U-turn to the east side of the road and, from a distance of 20-25 yards, shined the truck's headlights on Glover lying in the road. A few minutes later, Green was traveling north when he became blinded by the truck's bright headlights and ran over Glover. In fear of further injuring Glover, Green did not move the vehicle off of him. Green and his passenger exited their car, screamed to Williamson and Tidwell for help, and ran towards Tidwell's truck. Before they could reach it, Williamson got into the driver's seat and he and Tidwell drove off.

Glover sustained two skull fractures, one of which was consistent with falling from the moving truck, and succumbed to compression asphyxia (and also possibly a tear of the liver), consistent with being smothered by the weight of an automobile. There was medical opinion that if Glover had been assisted initially after falling from the truck, or even after he was first hit by Green's car, he could have survived.

Williamson gave a written statement that Glover insisted on staying at the club when Williamson and Tidwell were ready to leave and that the last time Williamson saw Glover was at the club. Tidwell gave a written statement that Glover would not leave the club with him and Williamson, that Glover said he would catch a ride, and that Williamson drove Tidwell to his house and then went home.

1. Tidwell and Williamson contend that the court erred in denying their general demurrer to Count 1 of the indictment because it failed to allege essential elements of OCGA § 40-6-270 as stated in its subsections (b) and (c), i.e., that the men *knowingly* failed to comply with OCGA § 40-6-270 (a) and that the accident in which they allegedly were involved was the *proximate cause* of Glover's serious injury and death.

The indictment charged Tidwell and Williamson "with the offense of LEAVING THE SCENE OF AN ACCIDENT WITH DEATH AND SERIOUS BODILY INJURY (40-6-270); for that

[Tidwell and Williamson] . . . on or about June 15, 1993 . . . did then and there unlawfully, being the driver of a motor vehicle involved in an automobile accident on Hammett Road in Troup County, Georgia, resulting in the death of . . . Glover, leave the scene of said accident without fulfilling the requirements of O.C.G.A. 40-6-270, to wit: remain on said scene to render aid to said . . . Glover and remain for the purpose of identifying said accused's name, address, motor vehicle registration and driver's license, contrary to the laws of said State, the good order, peace and dignity thereof."

*Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993), articulates the applicable principles: " 'Every indictment . . . which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct.' OCGA § 17-7-54 (a). ' "The true test of the sufficiency of an indictment that will withstand a general demurrer is . . . as follows: 'If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good.' " (Cit.)' [Cit.]"

Assuming the establishment of the facts alleged in Count 1, it constitutes a violation of OCGA § 40-6-270 as a matter of law. The allegation that the men acted "unlawfully," with reference to the specific Code section which made the conduct unlawful, sufficiently included the intent to commit the criminal act and the knowledge necessary to form such intent. See *Dye v. State*, 177 Ga. App. 813 (1) (341 SE2d 469) (1986), overruled on other grounds in *Eason v. State*, 260 Ga. 445, n. 1 (396 SE2d 492) (1990). The allegation that the men's actions *resulted* in Glover's death adequately asserted proximate cause.

2. Tidwell and Williamson also contend that the denial of the general demurrer to Count 1 was error because the language of the count failed to advise them with reasonable certainty of the accusation against them.

It was unclear, they say, about who was alleged to be the driver or whether both were and whether or not one or two vehicles were involved. They further argue that the language charging them with failing to remain at the scene for the purpose of giving identifying information placed a burden on each of them to give such information about the other.

The arguments are unavailing. First, the wording of the indictment cannot be understood to place a burden on each man to identify the other. It is couched in the specific charge of a violation of OCGA § 40-6-270, which makes it mandatory that the offending individual give "his name and address," etc. Nor does the wording reasonably

implicate more than one vehicle. Even if it did, this would not render the defendants uncertain about the criminal acts with which they were charged.

Lastly, the indictment was not fatally defective because it failed to differentiate or name the actual driver. Even though it would have been the better practice to indict in language which accommodated the principles of parties to a crime (OCGA §§ 16-2-20 (a); 16-2-21), the failure to do so did not deprive Tidwell and Williamson of sufficient specificity to apprise both them and the jury of the charges on trial. *Wright v. State*, 165 Ga. App. 790 (1) (302 SE2d 706) (1983).

3. Both defendants contend that the court erred in failing to fully and correctly charge the jury on the elements of OCGA § 40-6-270 in that it did not instruct that in order for criminal responsibility to be found, the failure to comply with the provisions of subsection (a) must be done knowingly and that the accident must be the proximate cause of death, injury, or damage to another vehicle.

The trial court's specific instruction to the jury regarding OCGA § 40-6-270 was a paraphrase of subsection (a), which states the duty of a driver to stop or return to the scene of an accident. It contains a statement of proximate causation but does not specify the intent required for a criminal violation of the duty. That is found in subsections (b) and (c), which state that the person must "knowingly [fail] to stop and comply with the requirements of subsection (a)." See *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665) (1993).

Even though the trial court did not specifically instruct the jury on knowing failure as stated in subsections (b) and (c) of OCGA § 40-6-270, it gave the pattern charge on intent and that there is no presumption of criminal intent. 1991 Suggested Pattern Jury Instructions, Vol II: Criminal Cases, Part 2 (I) and (I) (1), p. 10.

The court's charge on criminal intent was sufficient to inform the jury that it had to find that Tidwell and Williamson intended to evade the duty imposed by OCGA § 40-6-270 (a). Such intent had to include, as a matter of logic and law, the underlying knowledge upon which to form the intent. See *Dye v. State*, supra; see also *Fowler v. State*, 188 Ga. App. 873 (1) (374 SE2d 805) (1988), in which a general charge on intent was held to be sufficient to apprise the jury of the intent required to convict of aggravated assault.

Moreover, defendants were not contesting knowledge that they had left the scene of the ultimately fatal accident; they claimed that they were never there at all and had not given the victim a ride from the nightclub.

4. Tidwell and Williamson contend that the court failed to correctly and fully charge the jury on knowledge and wilfulness, as elements of OCGA § 16-10-20.

The defendants were charged with violating OCGA § 16-10-20 by

"unlawfully, knowingly, and willfully" making a false statement and writing. The court initially instructed the jury that the statute provided, "[i]t is unlawful for a person to make a false, fictitious or fraudulent statement or representation." The court later added "It is unlawful for a person to make a false, fictitious or fraudulent statement or representation in any matter within the jurisdiction of any department or agency [of] state government or of the government of any county or other political subdivision of this state."

Here again, the court's charge on criminal intent was sufficient to inform the jury that in order to convict, it had to find that defendants intended to make the false statements. Implicit in such intent is knowledge of the falsity. See Division 3, supra. It is not reasonable to conclude that the jury could have understood that conviction was authorized even if defendants unwittingly made false or fraudulent statements. What is more, defendants were not claiming they did not know that their statements were false; rather, they claimed that the statements were truthful.

5. Tidwell cites as error the denial of his motion for a directed verdict of acquittal on the charge of leaving the scene. He contends that the evidence against him was insufficient as a matter of law because it showed at most that he was present and owned the truck.

The evidence showed far more. It showed that Tidwell actively participated in knowingly failing to remain at the accident scene to give identifying information and to render aid to Glover, which proximately resulted in Glover's grievous injury and death.

The evidence was sufficient to enable the jury to find beyond a reasonable doubt that both Tidwell and Williamson were guilty of violating OCGA § 40-6-270. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was not error to refuse to direct a verdict in favor of Tidwell.

*Judgments affirmed in Case Nos. A94A1951 and A94A1952. Andrews and Johnson, JJ., concur.*

DECIDED DECEMBER 8, 1994 —
RECONSIDERATION DENIED JANUARY 5, 1995.

*Fanning & Hudson, Steven E. Fanning,* for appellants.
*Peter J. Skandalakis, District Attorney,* for appellee.