A09A0490. THE STATE v. PENDERGRASS.
(681 SE2d 241)

PHIPPS, Judge.
Following a house fire in which a firefighter was fatally injured, Joseph Pendergrass, who had left a candle burning in the house, was charged with involuntary manslaughter, second degree criminal damage to property and reckless conduct. Pendergrass filed a general

---

demurrer to the indictment. The trial court granted the motion as to the involuntary manslaughter and reckless conduct counts of the indictment, leaving the second degree criminal damage to property charge pending for future resolution. The state appeals, claiming that the trial court erred by dismissing two counts from the indictment. We agree and reverse.

The involuntary manslaughter count of the indictment stated that Pendergrass "did unlawfully cause the death of Steven Solomon, a firefighter, without any intention to do so by the commission of an unlawful act other than a felony, to wit: reckless conduct." The reckless conduct count charged Pendergrass with causing

> bodily harm to [the] firefighter, by consciously disregarding a substantial and unjustifiable risk that his act of leaving a candle burning in a vacant house would endanger the safety of [the firefighter], and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

1. The state contends that the trial court erred by granting Pendergrass's general demurrer because the indictment was legally sufficient.

"Every indictment of the grand jury which states the offense in the terms and language of [the Georgia] Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct."[1]

> The true test of the sufficiency of an indictment that will withstand a general demurrer is as follows: If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good.[2]

Count 1 of the indictment follows the language of the involuntary manslaughter statute, which states that "[a] person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act

---

[1] OCGA § 17-7-54 (a).

[2] *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993) (citations and punctuation omitted).

other than a felony.'"[3] Count 3 tracks the reckless conduct statute, which pertinently provides that

> [a] person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.[4]

Thus, the two counts of the indictment under review here are sufficient in substance.[5]

Further, Pendergrass could not admit the allegations of Counts 1 and 3 of the indictment, which closely track the relevant statutory language, and remain innocent of involuntary manslaughter and reckless conduct.[6] Although leaving a candle burning in a house may not in and of itself constitute reckless conduct, such action may rise to that level depending on the circumstances.[7] The trial court therefore erred by granting the general demurrer.

2. The state contends that the trial court did not provide sufficient detail in its order dismissing the involuntary manslaughter and reckless conduct counts of the indictment and asks that we remand the case to allow the trial court to provide "reasons and a factual basis for" its decision. Given our resolution of Division 1, this issue is moot.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED JULY 8, 2009.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellant.
*Jennifer Lubinsky*, for appellee.

---

[3] OCGA § 16-5-3 (a).

[4] OCGA § 16-5-60 (b).

[5] See *Dunbar*, supra.

[6] See *Lowe v. State*, 276 Ga. 538, 540 (2) (579 SE2d 728) (2003); *Smith v. State*, 249 Ga. App. 39, 42 (2) (547 SE2d 598) (2001); *Tidwell v. State*, 216 Ga. App. 8, 10 (1) (453 SE2d 64) (1994).

[7] See *Kain v. State*, 287 Ga. App. 45, 49 (2) (650 SE2d 749) (2007).