## A09A1552. RADER v. THE STATE.
## A09A1553. COOKE v. THE STATE.
### (685 SE2d 405)

PHIPPS, Judge.

Attorneys Candace Rader[1] and Valerie Cooke were indicted for theft by taking and theft by receiving in connection with a client's transfers of property to them. They filed various motions to dismiss the indictment, which the trial court denied in a single order. In that order, the court held the indictment sufficient on its face to survive dismissal, but found that factual questions existed that prevented the court from determining the merits of a statute of limitation defense asserted by Rader and Cooke in pleas in bar. The court also denied motions to dismiss the indictment based on an earlier decision in a civil action that arose from the same property transfers.

In this interlocutory appeal, Rader and Cooke contend that the

---

[1] Rader's first and last name were misspelled as "Candice Radar" in the indictment. In her notice of appeal, Rader used the correct spelling.

trial court erred in not dismissing the indictment based on the statute of limitation defenses they raised in pleas in bar. Rader also contends that the court erred in not dismissing the indictment based on the earlier civil action. For reasons that follow, we find that the court erred in reserving for the jury a ruling on the statute of limitation defenses asserted in the pleas in bar; accordingly, we vacate that part of the court's order and remand this case for further consideration consistent herewith. We find no error, however, in either the court's ruling that the indictment was sufficient on its face or its denial of the motions to dismiss based upon the earlier civil action; accordingly, the remainder of the order is affirmed.

In October 2002, Debra Post retained Rader and Cooke to defend her against charges that she had murdered her husband, Jerry Post. On October 2, 2002, Post conveyed to Rader and Cooke real property belonging to her husband's estate, of which she was the primary beneficiary and for which she served as executrix; later that fall she also conveyed other estate assets to Rader and Cooke. In 2003, Rader and Cooke sold the real property to another party. Later that year, Post pled guilty to the murder, thereby forfeiting her right to inherit from the estate.[2]

The state indicted Rader and Cooke on October 7, 2008. In various motions, Rader and Cooke sought to dismiss their indictment, arguing, among other grounds, that the statute of limitation and an opinion in a related civil action[3] barred their prosecutions. The court held an evidentiary hearing. The court then entered a single order in which it declined to dismiss the indictments and held that any questions of fact raised by the various motions were to be decided by the jury.

## Case No. A09A1552

1. Rader asserts that the trial court should have granted her plea in bar because the indictment showed on its face that the statute of limitation had run and did not sufficiently allege an exception to the statute.[4] Whether the indictment sufficiently alleged the statute of limitation exception is a legal question that we review de novo.[5]

---

[2] See OCGA § 53-1-5.

[3] See *Levenson v. Word*, 294 Ga. App. 104 (668 SE2d 763) (2008). Cooke does not claim that the trial court erred in its denial of her motion to dismiss her indictment based upon this related civil action.

[4] See *State v. Barker*, 277 Ga. App. 84, 87 (3) (625 SE2d 500) (2005) (if it appears on face of indictment that statute of limitation has run, indictment is fatally defective and subject to demurrer, unless indictment alleges exception removing bar of statute).

[5] See *State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008) ("The appellate standard of review for a plea in bar asserting a statute of limitation defense is a de novo review of the

(a) The state must commence prosecutions for felony theft by taking and theft by receiving within four years of the commission of these offenses.[6] The four-year limitation period, however, does not include any period in which the crimes were unknown to the state.[7] Knowledge of the prosecution, of someone interested in the prosecution, or of someone injured by the offense may be imputed to the state for purposes of determining if this exception to the limitation period applies.[8] Where the state seeks to rely on an exception to the statute of limitation, it must allege the exception in the indictment.[9]

Rader's and Cooke's indictment revealed that their prosecution commenced more than four years after the alleged offenses were committed. But the indictment also alleged that "the commission of the said crime[s] was unknown to Brian Post, the natural son of Jerry Post, and a lawful beneficiary of the estate of Jerry Post, until October 8, 2004." Although this date fell within four years of the commencement of prosecution, Rader contends that the indictment did not sufficiently allege the statute of limitation exception because the state may have had imputed knowledge of the crimes from someone other than Brian Post.

The indictment informed Rader and Cooke that the state intended to prove that the statute of limitation was tolled until October 8, 2004, when an interested party (Brian Post) learned of the crime and his knowledge was thereby imputed to the state. This language was sufficient to apprise Rader and Cooke of what they "must be prepared to defend against."[10] The state's potential inability to prove at trial that it lacked knowledge of the alleged crime before October 8, 2004,[11] because of earlier knowledge imputed from another source, did not render this language insufficient.

(b) Rader contends that the indictment showed on its face that certain of the alleged offenses were barred by the two-year statute of limitation applicable to misdemeanor theft by taking. For the reasons set forth in Division 4,[12] we find no error.

2. Rader contends that the trial court erred in not granting her plea in bar after hearing evidence. On appeal from a ruling on a plea

---

issue of laws.") (citation omitted).

[6] See OCGA § 17-3-1 (c).

[7] See OCGA § 17-3-2 (2); *Lowman v. State*, 204 Ga. App. 655-656 (420 SE2d 94) (1992) (knowledge relevant to statute of limitation exception is that of the state).

[8] *Lowman*, supra.

[9] *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996).

[10] *Hester v. State*, 283 Ga. 367, 368 (2) (659 SE2d 600) (2008) (citation omitted).

[11] See *Merritt v. State*, 254 Ga. App. 788, 789 (1) (a) (564 SE2d 3) (2002) (state bears burden of proving when offense became known, and thus when statute of limitation began to run).

[12] Infra.

in bar seeking to dismiss an indictment based on the statute of limitation, we accept the trial court's findings on disputed facts and witness credibility unless those findings are clearly erroneous, but we apply the law to the facts de novo.[13] Here, however, the court did not make any findings on disputed facts or witness credibility. Instead, the court stated in its order:

> [The issue] is appropriate for jury consideration. The court therefore declines to make a pretrial factual determination which is what would be required for the court to grant this motion. The plea in bar based upon the alleged running of the statute of limitation[ ] is therefore reserved for jury determination.

(a) Rader asserts that the hearing evidence demonstrated the state's knowledge of the alleged criminal acts before October 8, 2004. The evidence showed that, before Debra Post's 2003 guilty plea, Brian Post knew that she had assumed control over estate assets, was receiving property from the estate, and had placed real property belonging to the estate for sale. Brian Post believed during that time that Debra Post was not entitled to receive anything from the estate. He therefore had wished to recover estate assets from Debra Post and stop the property sale, and he had discussed this with the district attorney's office, which had advised him to seek legal counsel.

This evidence demonstrated the state's knowledge (including knowledge imputed from Brian Post) that Debra Post had assumed control over and was disposing of estate assets. But it did not demand a finding that the state had actual knowledge, prior to October 8, 2004, that estate assets had been transferred to Rader and Cooke.[14] Both Brian Post and the district attorney testified that they did not know Rader and Cooke had received estate assets until October 8, 2004 at the earliest. The trial court did not err in finding that a factual question existed concerning when the state had actual knowledge of the acts constituting the alleged offenses.

(b) Rader asserts, however, that the court erred in declining to make a factual finding upon the evidence presented at the pretrial hearing, instead reserving the statute of limitation issue for the jury. We agree.

---

[13] *Conzo*, supra.

[14] See *State v. Robins*, 296 Ga. App. 437, 439 (1) (674 SE2d 615) (2009) (exception to statute of limitation requires state to have actual, not constructive, knowledge of act alleged to be illegal; state is not held to "should have known" standard); *Beasley v. State*, 244 Ga. App. 836, 838-840 (536 SE2d 825) (2000).

In *State v. Tuzman*,[15] we held that, in ruling on a statute of limitation defense raised in a plea in bar, a court either could receive evidence at a pretrial hearing and make a pretrial determination on the merits of the plea, or reserve the issue for jury determination.[16] Subsequently, in *Jenkins v. State*,[17] the Supreme Court of Georgia disapproved this second option, holding:

> Although the Court of Appeals in *Tuzman* suggested that the trial court could refuse to hold a pretrial hearing on the plea in bar and submit the statute of limitation[ ] issue to the jury, we believe that the proper procedure for litigating a plea in bar based upon the statute of limitation[ ] should be analogous to a pretrial *Jackson v. Denno* hearing. . . . If a defendant prevails on a pretrial plea in bar on the statute of limitation[ ], the charge should be dismissed; if the [s]tate prevails on this issue before trial, the defendant may still require the [s]tate to prove at trial that the charge is not barred by the statute of limitation[ ].[18]

Thus, *Jenkins* required the court, in ruling on Rader's plea in bar, to employ a procedure analogous to a *Jackson v. Denno*[19] hearing. Under *Jackson v. Denno*, a court must conduct a pretrial hearing to "determine whether, based on the totality of the circumstances, a preponderance of the evidence demonstrates that [a defendant's] statement was made freely and voluntarily."[20] This determination necessarily requires the court to resolve factual disputes; a mere ruling by the court that the issue is in dispute and will go to the jury is insufficient.[21]

The trial court erred in expressly declining to make such a determination here; accordingly, we vacate that part of the court's order reserving the statute of limitation issue for the jury and remand the case for the trial court to make a determination of the factual issues necessary for ruling on the statute of limitation defense presented by the plea in bar.[22]

3. Rader contends that the trial court erred in denying her

---

[15] 145 Ga. App. 481 (243 SE2d 675) (1978).

[16] Id. at 483 (2).

[17] 278 Ga. 598 (604 SE2d 789) (2004).

[18] Id. at 604 (footnotes omitted).

[19] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[20] *Bell v. State*, 284 Ga. 790, 794 (2) (671 SE2d 815) (2009).

[21] *Payne v. State*, 249 Ga. 354, 360 (7) (291 SE2d 226) (1982); see *Sims v. Georgia*, 385 U. S. 538, 543 (IV) (87 SC 639, 17 LE2d 593) (1967) ("Under *Jackson* [*v. Denno*], it was for the trial judge to first decide these [evidentiary] conflicts and discrepancies.").

[22] See *Payne*, supra.

motion to dismiss the indictment with prejudice, in which she asserted that Debra Post had lawful title to the property when she transferred it to her counsel. This claim of error presents a question of law, which we review de novo.[23]

(a) "A criminal charge is generally dismissed only when there is a defect on the face of the indictment."[24]

> The true test of the sufficiency of an indictment that will withstand a general demurrer is as follows: If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, *taking the facts alleged as premises*, the guilt of the accused follows as a legal conclusion, the indictment is good.[25]

The indictment here alleges that the property at issue belonged to and was stolen from the estate of Jerry Post. The counts in the indictment charging Rader with theft by taking follow the language of OCGA § 16-8-2, which states that a "person commits the offense of theft by taking when [s]he unlawfully takes . . . any property of another with the intention of depriving him of the property." The count charging Rader with theft by receiving follows the language of OCGA § 16-8-7, which states that a "person commits the offense of theft by receiving stolen property when [s]he . . . retains stolen property which [s]he knows or should know was stolen unless the property is . . . retained with the intent to restore it to the owner." Rader could not admit the allegations of these counts and be innocent of theft by taking and theft by receiving. Thus, these counts are sufficient in substance and not subject to a general demurrer.[26]

(b) Rader contends that the indictment nevertheless must be dismissed because, in light of *Levenson v. Word*,[27] the state cannot prove that the property belonged to and was stolen from the Jerry Post estate. In *Levenson*, the subsequent administrator of the Jerry Post estate brought a civil action for conversion against another law firm involved in Debra Post's defense, seeking the return of funds that Rader and Cooke had paid that firm on Debra Post's behalf. The administrator based the civil action on OCGA § 53-1-5 (a), which

---

[23] *Burdett v. State*, 285 Ga. App. 571 (646 SE2d 748) (2007).

[24] *State v. Henderson*, 283 Ga. App. 111, 112 (2) (640 SE2d 686) (2006) (footnote omitted).

[25] *State v. Pendergrass*, 298 Ga. App. 801 (1) (681 SE2d 241) (2009) (footnote omitted; emphasis supplied).

[26] Id.

[27] Supra.

provides in pertinent part that

> [a]n individual who feloniously and intentionally kills or conspires to kill or procures the killing of another individual forfeits the right to take an interest from the decedent's estate and to serve as a personal representative or trustee of the decedent's estate or any trust created by the decedent.

We affirmed the trial court's grant of summary judgment to the law firm, finding that under OCGA § 53-1-5, "Debra's interest in the decedent's estate had not been forfeited at the time she paid the retainers, [and thus she] had title and ownership of the funds paid to her attorneys."[28]

The trial court correctly determined that our decision in *Levenson* did not require the dismissal of the charges against Rader. The decision in *Levenson* concerning Debra Post's ownership of the property at issue is not res judicata over this criminal prosecution.[29] Moreover, the standard used in *Levenson* to determine when an estate beneficiary must forfeit benefits under OCGA § 53-1-5 expressly applies to civil proceedings; the Code section makes no mention of the applicable standard in criminal proceedings.[30] And Georgia criminal procedure does not provide for a court to dismiss a facially sound indictment based upon facts not appearing therein.[31] A motion seeking to dismiss an indictment on the ground that the state cannot prove facts essential to the charge is analogous to a motion for summary judgment in a civil case,[32] and "[t]here is no basis in Georgia criminal practice for what, in civil practice, would be termed a motion for summary judgment."[33] The court did not err in denying Rader's motion to dismiss.

## Case No. A09A1553

4. Cooke contends that the trial court should have granted her plea in bar because the indictment showed on its face that the counts

---

[28] Id. at 107.

[29] See *Butler v. Ellis*, 203 Ga. 683, 684 (47 SE2d 861) (1948) (where state is not party to action, no res judicata over state in subsequent action).

[30] See OCGA § 53-1-5 (d) ("A final judgment of conviction or a guilty plea for murder, felony murder, or voluntary manslaughter is conclusive in civil proceedings under this Code section. In the absence of such a conviction or plea, the felonious and intentional killing must be established by clear and convincing evidence.").

[31] See *Schuman v. State*, 264 Ga. 526 (448 SE2d 694) (1994) (motion to dismiss on facts not appearing on face of indictment is "speaking demurrer" that generally presents no authority for quashing indictment).

[32] See *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993).

[33] *Henderson*, supra (punctuation and footnote omitted).

of misdemeanor theft by taking were barred by the two-year statute of limitation. The counts at issue alleged that on two occasions Cooke took from the estate amounts less than $500. Generally, theft by taking property having a value not exceeding $500 is a misdemeanor, subject to a two-year statute of limitation.[34] The indictment was brought more than two years after these charged offenses and did not allege an exception to the two-year limitation period.

Notwithstanding the value of the property taken, however, theft by taking is a felony subject to the four-year statute of limitation "[i]f the property was taken by a fiduciary in breach of a fiduciary obligation."[35] The indictment alleged that Cooke "was an attorney . . . and acted as a fiduciary of Debra Post and the [p]roperty was taken in breach of a fiduciary obligation." This language was sufficient to allege that Cooke had committed felony theft by taking. The state's allegation that Cooke owed a fiduciary obligation to Debra Post, rather than to the estate, does not concern the sufficiency of the indictment, but rather the state's ability to avoid the statute of limitation bar at trial by proving that Cooke took the property in breach of the alleged fiduciary obligation to Debra Post.

5. Cooke contends that the trial court should have granted her plea in bar because the indictment failed to properly allege an exception to the four-year statute of limitation governing the theft by taking and theft by receiving charges. Cooke raises the same arguments as Rader. For the reasons set forth in Division 1 (a),[36] we find no error.

6. Cooke asserts that, instead of ruling on her statute of limitation defenses, the trial court improperly reserved the issue for the jury. Cooke raises the same arguments as Rader. For the reasons set forth in Division 2 (b),[37] we vacate that part of the court's order reserving the statute of limitation issue for the jury and remand the case for the trial court to make a determination of the factual issues necessary for ruling on the statute of limitation defense presented by the plea in bar.

*Judgments affirmed in part and vacated in part, and cases remanded with direction. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 8, 2009

*Cook, Noell, Tolley & Bates, Edward D. Tolley, Ronald E. Houser*, for appellant (case no. A09A1552).

---

[34] OCGA §§ 16-8-12 (a) (1); 17-3-1 (d).
[35] OCGA § 16-8-12 (a) (3); see OCGA § 17-3-1 (c).
[36] Supra.
[37] Supra.

*Brian Steel, Frank C. Winn*, for appellant (case no. A09A1553).
*David McDade, District Attorney, J. Brown Moseley, Assistant District Attorney*, for appellee.