## MORTON *v.* NELMS, sheriff.

SIMMONS, C. J. 1. Under the act approved August 17, 1903 (Acts 1903, p. 46), an accusation charging that the accused was able to work and had no property and had no visible or known means of a fair, honest, and reputable livelihood, set forth an offense against the penal laws of this State.

2. In such case a verdict of guilty meant that the accused was guilty of the acts specified in the accusation.

3. The act above cited makes penal the various acts of vagrancy therein enumerated. The refusal to give bond is not made the gist of the offense or any part of the offense, but the convict is allowed, by giving the prescribed bond, to relieve himself of the punishment.

4. The legislature has authority, in providing for a bond in a criminal case, to prescribe that it shall be given to a person or to a court. Whether such bond will be enforceable is a question which will arise when the bond has been given and suit brought thereon, and does not concern one who has never given the bond.

5. This court can not pass upon objections to a statute on the ground that it is unconstitutional, when the objections do not point out what provision of the constitution is violated. *Brown* v. *State*, 114 *Ga.* 60.

*Judgment affirmed. All the Justices concur.*

Argued October 21, — Decided October 29, 1903.

Petition for habeas corpus. Before Judge Reid. City court of Atlanta. September 19, 1903.

*S. C. Crane,* for plaintiff.

*A. J. Orme, solicitor,* for defendant.