O'NEAL, Solicitor General, *ex rel. etc. v.* TOWN OF WHIGHAM
*et al.; et vice versa.*

Nos. 16975, 16990.  FEBRUARY 14, 1950.

512

*Maston O'Neal, Solicitor-General,* and *Cain & Smith,* for plaintiff.

*L. H. Foster* and *Bell & Baker,* for defendants.

WYATT, Justice. Much is said in the briefs in this case as to whether or not the Malt Beverage Act of 1935 (Ga. L. 1935, p. 73) had the effect of repealing sec. 4, Ga. L. 1907, p. 970, which prohibited the sale of beer in the Town of Whigham, and also as to the validity of the excise tax. This case must be decided before reaching either of these questions.

"The illegal sale of intoxicating liquors is a public nuisance, affecting the whole community in which the sale is carried on, and may be abated by process instituted in the name of the State." *Lofton* v. *Collins,* 117 *Ga.* 434 (3) (43 S. E. 708). See also *Dispensary Commissioners of Lee County* v. *Hooper,* 128 *Ga.* 99 (3) (56 S. E. 997). This court, in *Walker v. McNelly,* 121 *Ga.* 114, 120 (48 S. E. 718), said: "As the sale of spirituous, vinous, or malt liquors, without first obtaining a license from the authorities authorized by law to grant license for such purpose, is a violation of the penal laws of the State (Penal Code, §§ 431, 433), and as the only license under which the defendants were conducting the barroom in the Town of Mineral Bluff, was one from the mayor and council of the town, which, for the reasons above given, was void, they were engaged in the unlawful sale

of such liquors in that town, and the business in which they were engaged could, as we have seen, be abated by injunction as a public nuisance."

In the instant case, the trial court was dealing with a situation that put the Town of Whigham squarely in the beer business. Those to whom licenses to sell beer had been issued could not sell beer unless they first bought the beer from the municipality, or its duly approved representative. Certainly this put the municipality in the business of a wholesale beer dealer. There is no law permitting a municipality to become engaged in the business of selling beer. The ordinance in question is, therefore, void, and the licenses purporting to be issued by virtue of the void ordinance, are likewise void. Any proposed amendment to the ordinance could not change the situation. The court could not, in advance, pass upon this proposed amendment. *Bagby* v. *Bowen*, 180 *Ga.* 214 (178 S. E. 439).

It follows that the judgment, in so far as it refused to enjoin the defendant, was error, and it was also error to pass upon the validity of the excise tax.

*Judgment reversed on both the main and cross-bills of exceptions. All the Justices concur.*