19441. LINER *et al. v.* CITY OF ROSSVILLE.

HEAD, Justice. 1. The Georgia Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., Ch. 110-11) makes no provision for a declaratory judgment which is merely advisory. The petition in the present case alleges that the City of Rossville "plans and intends to issue revenue-anticipation certificates . . . or general-obligation bonds." It appears that no action has been taken by the city to issue revenue-anticipation certificates or to incur any bonded debt, and the present action seeks a declaration by the court in advance of any proceeding or action by the city either to issue certificates or bonds. A declaratory judgment would therefore be purely advisory, and unauthorized by the act. *Shippen v. Folsom,* 200 *Ga.* 58, 59 (4) (35 S. E. 2d 915); *Sumner v. Davis,* 211 *Ga.* 702 (88 S. E. 2d 392).

2. No controversy, justiciable or otherwise, is alleged to exist between the petitioner and the persons named as defendants, and as representatives of a class comprising property owners in the city. In this State, where

no justiciable controversy is alleged, an action for declaratory judgment will not lie. *Lewis* v. *Lewis,* 212 *Ga.* 168 (91 S. E. 2d 336).

3. The equitable doctrine that members of a numerous class may be represented by a few of the class (Code § 37-1002) is applicable to both plaintiffs and defendants in equitable proceedings, wherein the petition states a cause of action for equitable relief. *Macon & Birmingham R. Co.* v. *Gibson,* 85 *Ga.* 1, 2 (7) (11 S. E. 442, 21 Am. St. R. 135); *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437); *Grand Chapter Order Eastern Star* v. *Wolfe,* 172 *Ga.* 346, 351 (157 S. E. 301); *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507, 512 (195 S. E. 564); *Webb & Martin Inc.* v. *Anderson-McGriff Hardware Co.,* 188 *Ga.* 291 (3 S. E. 2d 882).

4. The petition alleges that a declaratory judgment is necessary to avoid a multiplicity of actions. The Revenue Certificate Law (Ga. L. 1937, pp. 761, 771) authorizes the intervention of "any citizen of this State resident of such municipality" in any proceeding to validate revenue-anticipation certificates. Code (Ann. Supp.) § 87-818. The same right of intervention exists in proceedings to validate bonds. Code § 87-304. Generally there can be but one action to validate either certificates or bonds. In either case all interventions would be heard in the validation procedings. The allegation that a declaratory judgment is necessary to avoid a multiplicity of actions is a conclusion of the pleader, and is contrary to the statutory provisions pertaining to validation of revenue-anticipation certificates or bonds. See *Zeagler* v. *Willis,* 212 *Ga.* 286 (92 S. E. 2d 108).

5. Since all presumptions are in favor of the validity of an act of the General Assembly (*Harrison* v. *Hartford Steam-Boiler Inspection &c. Co.,* 183 *Ga.* 1, 187 S. E. 648; *Boyers* v. *State,* 198 *Ga.* 838, 33 S. E. 2d 251; *Culbreth* v. *Southwest Ga. Regional Housing Authority,* 199 *Ga.* 183, 33 S. E. 2d 684), there can be no ruling to the contrary "until a clear, definite, and specific attack is made upon the constitutionality of the act as a whole, or upon the constitutionality of a specifically pointed out part or parts of it." *Flynn* v. *State,* 209 *Ga.* 519, 523 (74 S. E. 2d 461); *Brown* v. *State,* 114 *Ga.* 60 (2) (39 S. E. 873); *Morton* v. *Nelms,* 118 *Ga.* 786 (45 S. E. 616); *Almand* v. *Pate,* 143 *Ga.* 711 (2) (85 S. E. 909); *Loftin* v. *Southern Security Co.,* 162 *Ga.* 730, 731 (2) (134 S. E. 760); *Inlow* v. *State,* 168 *Ga.* 377 (147 S. E. 881); *Huiet* v. *Dayan,* 194 *Ga.* 250 (2) (21 S. E. 2d 423).

(*a*) In the present case there was no attack upon the constitutionality of the amendment to the charter of the City of Rossville; and in the absence of such an attack, the trial court was not authorized to rule upon its constitutionality. The contracts described in the petition and the ordinances of the city were not attacked as invalid, and their validity or invalidity was not, therefore, properly before the court for determination.

6. The petition failed to state a cause of action for a declaratory judgment, and the court erred in overruling the general demurrers thereto.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

Submitted September 10, 1956—Decided October 9, 1956—Rehearing denied October 29, 1956.

*G. W. Langford,* for plaintiff in error.
*Painter & Cain,* contra.