## 43020.   GEORGIA POWER COMPANY v.
## CITY OF CEDARTOWN.

HALL, Judge.  The defendant, hereinafter called the Power Company, enumerates as error the overruling of its renewed general demurrers to the amended petition against it for declaratory judgment, on the ground that it does not set forth adequate grounds for relief by declaratory judgment. The controversy as alleged by the petitioner, hereinafter called the City, concerns rights claimed by the Power Company to continue to operate the electric distribution system which it has operated since 1929 under a franchise granted to it by the City.  In 1929 the City sold the electric light and power plant and distribution system which it then owned to the Power Company, and granted the Power Company the franchise to operate the system.  The City contends that the resolutions and ordinances under which it granted the franchise in 1929 were ultra vires and it had no right to grant the franchise and these acts were void and gave no rights to the Power Company.  The City has the right under its charter to erect and operate its own electric light and power plant and its commission has passed resolutions determining to do so and to provide funds therefor by the issuance and sale of bonds, and to call an election upon the question of the bond issue.  The City has determined that it is not economically feasible for it to proceed with this undertaking unless it has exclusive rights, and the commission has passed a resolution to prohibit all others from engaging in this business.  The City is about to undertake expenditures of public funds preliminary to carrying out the commission's resolutions, including costs of obtaining plans for construction of the power plant and estimates of its cost, in order to ascertain the amount of money necessary to be raised by the bond issue, and costs of holding the bond election.  The date set for the election has been postponed pending the outcome of this suit.  The petition further alleges that before proceeding with the undertaking it is necessary to have guidance by judicial declaration that the resolutions and ordinances enacted in 1929 and the Power Company's franchise granted thereunder are null and void and that the City has the right to prohibit the Power Company from its activities and operations under the purported franchise.

A declaratory judgment was sought with respect to a similar controversy in *City of Summerville v. Georgia Power Co.*, 78 Ga. App. 666 (51 SE2d 702); certiorari denied 78 Ga. App. 898. There this court held that the mere possibility that the city might vote revenue certificates for the purpose of constructing and maintaining a system for distribution of electricity was not sufficient to constitute an actual controversy within the meaning of the statute (Ga. L. 1945, as amended, *Code Ann. Ch.* 110-11). In the present case, as the court observed in that case, if we suppose that the voters should elect not to issue bonds for the construction of an electric light and power plant, the declaration of the rights of the parties as prayed would be an advisory, academic, and useless declaration. Accord *Liner v. City of Rossville*, 212 Ga. 664 (94 SE2d 862). We know of no other case in which our courts have adjudicated the question of the necessity of declaratory relief when the facts and circumstances and asserted rights were like those alleged in this petition. Furthermore, "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Pinkard v. Mendel*, 216 Ga. 487, 490 (117 SE2d 336). "The petition shows that whatever rights the plaintiff has have already accrued." *Scott v. Employees' Retirement System*, 113 Ga. App. 295, 296 (147 SE2d 821).

The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. Eberhardt, J., concurs; Felton, C. J., concurs in the judgment on the ground that whatever rights the plaintiff has have already accrued.*

ARGUED SEPTEMBER 5, 1967—DECIDED OCTOBER 4, 1967—
REHEARING DENIED OCTOBER 30, 1967—

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, Jr., Tench C. Coxe, Harold C. McKenzie, Jr., Milton A. Carlton, Jr., Rogers, Magruder & Hoyt, Jack Rogers,* for appellant.

*Glenn T. York, Jr., William E. Davidson, Jr., Matthews, Maddox, Walton & Smith, John W. Maddox,* for appellee.