26114.   KING v. PEAGLER et al.

30

*Aaron Kravitch, John W. Hendrix,* for appellant.

*Solms, Gannam, Head & Buchsbaum, Anton F. Solms, Jr., Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr.,* for appellees.

MOBLEY, Presiding Justice. E. D. King, alleging himself a resident and taxpayer of Savannah, Chatham County, Georgia, brought his petition seeking a declaratory judgment, naming Chatham County, the Mayor and Aldermen of the City of Savannah, and G. M. Peagler, Chief Tax Assessor, as defendants. He alleges that at the 1964 session of the General Assembly (Ga. L. 1964, pp. 986-989) a resolution was adopted to amend the Constitution, abolishing the duties of tax receiver as a part of the duties of the Tax Commissioner of Chatham County, and creating the office of Chief Tax Assessor of Chatham County; that the Amendment was not ratified by the voters of Chatham County and City of Savannah; that despite this, the General Assembly (Ga. L. 1965, pp. 3354-3361) adopted an Act providing that the Chief Tax Assessor shall have all the duties of the County Tax Assessor given in *Code Ch.* 92-69; that the defendant Peagler has been named *chief tax assessor and is performing the duties of the office;* and that, because of the failure of ratification of the Constitutional Amendment, he is holding the office illegally. These allegations make the primary issues for determination by this court.

The trial court decided the case on the pleadings, entering judgment in favor of the defendants.

King appeals from that judgment and enumerates as error numerous rulings of the trial court.

■ The first question the court considered is whether the Constitutional Amendment (Ga. L. 1964, pp. 986-989) was ratified. The

Secretary of State first certified that it had failed to receive a majority vote and the Governor issued his proclamation that the Amendment was not ratified and did not become a part of the Constitution. The Secretary of State later certified a corrected report of the vote, showing that the Amendment had passed. The Governor accordingly issued his proclamation that it had passed and was a part of the Constitution.

Whether an amendment to the Constitution has been ratified or adopted is a judicial question, that is, a question of law, and regardless of the proclamation of the Governor, the court may decide the issue. *Hammond v. Clark,* 136 Ga. 313 (1, 2) (71 SE 479, 38 LRA(NS) 77); *Towns v. Suttles,* 208 Ga. 838, 840 (69 SE2d 742). It is the duty of this court to decide the question here.

The corrected proclamation of the Governor showed that the vote in Chatham County, which included the Savannah vote, was 10, 999 for and 7,943 against, and the City of Savannah vote was 7,589 for and 4,385 against. The Chatham County vote outside the city, not including the city vote, was more against than for the Amendment. The question presented is whether the Chatham County vote should include the vote of the City of Savannah, as the Governor proclaimed. We think so. Chatham County includes the City of Savannah. The city is a part of the county, and an elector in the City of Savannah is an elector of the county and is entitled to have his vote counted as a resident and citizen both of the county and of the city. Otherwise he is disfranchised as a citizen of Chatham County. See *Smith v. State of Ga.,* 217 Ga. 94 (121 SE2d 113); and *McCullers v. Williamson,* 221 Ga. 358 (2) (144 SE2d 911), where this court pointed out that the Amendment should be submitted to the voters directly affected by it. All of Chatham County is affected by the Amendment.

The Amendment was properly ratified.

■ The next contention is that the enabling Act (Ga. L. 1965, pp. 3354-3361), to carry into effect the provisions of the Constitutional Amendment proposed by Ga. L. 1964, pp. 986-989, is invalid.

We have carefully compared the Constitutional Amendment (Ga. L. 1964, pp. 986-989) and the enabling Act (Ga. L. 1965, pp. 3354-3361) and find that the enabling Act is in accord with provisions of the Constitutional Amendment. The Amendment author-

izes the provisions of the enabling Act. The case of *Dobson v. Brown,* 225 Ga. 73 (166 SE2d 22), strongly relied upon by appellant, is not in point with this case. There the enabling Act was held invalid because in creating the office of Chief Tax Assessor the Act exceeded the authority given in the constitutional Amendment; whereas here the office of Chief Tax Assessor was created by the Constitutional Amendment.

The enabling Act is not invalid for any reason assigned.

■ The trial court properly held that the offices of Tax Commissioner and Chief Tax Assessor were legally created, pointing out that the office of Tax Commissioner was created under authorization of Art. XI, Sec. I, Par. VI of the Constitution (*Code Ann.* § 2-7806), and as to Chatham County by Ga. L. 1955, pp. 2210-2216; and the office of Chief Tax Assessor was created by the Constitutional Amendment (Ga. L. 1964, pp. 986, 987, § A); and was correct in holding, in answer to the question, "whether the said Act creating said offices is so ambiguous and vague as to be meaningless, contradictory, and without legal effect," that it was not.

■ Without detailing requests of appellant for answers to "legal questions involved that require an interpretation thereof and a declaration by the court as to the various questions involved," set out in Sections 4 through 9 of Paragraph 24 of his petition, suffice it to say that the trial court properly held that they do not come within the purview of the Declaratory Judgments statutes. The Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory. See *Liner v. City of Rossville,* 212 Ga. 664 (1) (94 SE2d 862); *State of Ga. v. Hospital Authority of Gilmer County,* 213 Ga. 894 (102 SE2d 543).

■ As to the other rulings made by the trial court upon the numerous complaints of the appellant, we have carefully reviewed them and find no error.

*Judgment affirmed. All the Justices concur.*