## 30394. McDOWELL v. JUDGES EX OFFICIO et al.

INGRAM, Justice.

The appellant filed an equitable complaint in the Superior Court of Chatham County seeking injunctive relief against the appellees to prevent them from commencing construction of a new courthouse complex in Chatham County. The appellees filed a motion to dismiss the complaint and an answer. The three judges of the Superior Court of Chatham County disqualified themselves from hearing the case and the Honorable W. Colbert Hawkins, of the Ogeechee Circuit, presided in the case. After a hearing, the appellees' motion to dismiss was granted and the issue on appeal is whether the complaint states a claim upon which relief can be granted.

Appellant summarizes the allegations of his complaint as follows:

"On March 26, 1974 a referendum was submitted to the voters of Chatham County, Georgia, to determine whether the electorate would approve a multi-million dollar bond issue to finance a courthouse complex. That referendum was defeated. At the time of the referendum appellant's complaint alleged that appellees had on hand approximately $6 million in Federal Revenue Sharing Funds. Appellant further alleged that in spite of the adverse results of the referendum the appellees proceeded with plans to develop the courthouse complex and as a result of their failure to use Federal funds appellant and all other citizens similarly situated have been required to pay escalating property taxes and other charges. Furthermore petitioner alleged in his complaint that the appellees did not have sufficient borrowing power or the legal authority to borrow sufficient funds to complete the project without the use of anticipated revenue funds which are not guaranteed by the federal government. Lastly, appellant alleged that the present Chatham County digest total of approximately $650 million and that upon information and belief appellant alleged that should the county borrow funds to complete the complex the county would be violating Georgia law by borrowing money in excess of that authorized by the Constitution of Georgia of 1945, Section 2. 6003, paragraph 3."

Appellant's primary argument on appeal is that the issues raised in the complaint cannot be resolved by the motion to dismiss and can only be determined through a trial of the issues. The appellees argue that the complaint fails to name a proper party defendant; that the commissioners of Chatham County have a duty to erect and maintain county buildings with broad discretion in the exercise of this duty; that appellant's complaint is prematurely brought; and, that federal revenue sharing funds can lawfully be used to defray the costs of erecting county buildings.

We think the complaint was not subject to a motion to dismiss on the ground that it failed to name a proper party defendant. An injunction may be sought in a court of equity in an action brought against the governing officials of the county. *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974). While in that case the county commissioners were named, they were sued in their official capacity. The present complaint makes it clear that these defendants are being sued in their official capacity and there is no question of improper service. Code Ann. § 81A-125 (d) (2) provides that when a public officer is sued in his official capacity, he may be described as a party by his official title rather than by name; but the court may require his name to be added. The failure of the complaint to show the names of these public officers does not make the complaint subject to dismissal.

However, we agree with the appellees that no existing substantive issues are raised by the complaint which can be adjudicated. Appellants seek to enjoin the appellees from commencing construction of a new courthouse in Chatham County on allegations that the appellees may violate the law if they proceed with it. The law presumes these public officers will follow the law in the exercise of their statutory duties and authority. *Savannah Beach v. Lynes,* 200 Ga. 26, 30 (35 SE2d 912) (1945). For this reason, the action is prematurely brought and would require an advisory opinion from the court. Not even in a declaratory judgment action is the court permitted to render an advisory opinion. *King v. Peagler,* 227 Ga. 29 (4) (178 SE2d 897) (1970). The issuance of an injunction is a much

more rigorous remedy and cannot be based upon mere possibilities. An evidentiary hearing which produced evidence in support of all the appellant's well-pleaded allegations would not authorize this injunctive relief because it would be based upon circumstances, conditions and events which may or may not occur in the future. Therefore, the trial court correctly held that the complaint fails to set forth a justiciable issue and does not state a claim upon which relief can be granted.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 7, 1975 — DECIDED OCTOBER 16, 1975.

*Falligant, Karsman, Kent & Toporek, Stanley Karsman,* for appellant.

*Anton F. Solms, Jr., L. W. Childs, Jr.,* for appellees.