S10F1120. MULLIN v. ROY.

(700 SE2d 370)

NAHMIAS, Justice.

The principal issue in this appeal is whether trial courts have the authority under the current version of the child support guidelines statute, OCGA § 19-6-15, to order lump-sum payment of child support obligations. We hold that trial courts do have such discretion, and we also find appellant's other claims to be meritless. Accordingly, we affirm.

1. Appellant Scott J. Mullin (husband) and appellee Lacey E. Roy (wife) married on December 21, 2004. They have two children. Husband was a senior systems engineer for Cox Newspapers making approximately $80,000 a year, while wife was a full-time homemaker. They separated on June 14, 2007, and on October 2, 2007, wife filed a complaint for divorce. Shortly thereafter, husband was arrested for possession of child pornography. He lost his job with Cox Newspapers and began living off a $422,000 inheritance he received in May 2007. In March 2009, husband pled guilty in federal court to receipt and possession of child pornography, and sentencing was set for mid-May. Prior to the sentencing hearing, husband and wife signed a partial settlement agreement resolving all issues in the divorce except for child support. A bench trial on child support was conducted on May 13, 2009, and the following day husband was sentenced in federal court to serve five years in prison.

The divorce decree was entered on May 20, 2009. The trial court acknowledged husband's argument that when he is released from prison in five years, he will be a registered sex offender with seriously impaired earning capacity in his chosen field due to restrictions on his ability to use computers. However, the court was "inclined to believe that [husband's] future lies somewhere between his historical abilities and the bleakness he predicts for his future." The court settled on an amount halfway between husband's and wife's projections for his future earnings as the basis for calculating his monthly child support obligation to be $1,122. Given the circumstances, the trial court ordered husband to pay within 60 days his entire child support obligation for the next 13 years in a single payment of $175,163.

Husband filed motions for new trial and to set aside the judgment, arguing that OCGA § 19-6-15, as amended on January 1, 2007, does not authorize lump-sum child support awards. The trial court held a hearing and denied the motions on December 21, 2009. The court explained that it ordered the lump-sum payment

because [husband] had entered guilty pleas to federal crimes, would shortly enter federal custody for a multi-year

sentence, had lost his employment due to his crimes, and had received an inheritance of approximately $422,000.00 but had spent all but approximately $200,000.00 of these funds by the time of trial.

The court cited *Henry v. Beacham*, 301 Ga. App. 160 (686 SE2d 892) (2009), where the Court of Appeals held that lump-sum awards are authorized under OCGA § 19-6-15 because they were permitted prior to the 2007 amendment and the statute contains no indication that the General Assembly intended to eliminate this option. See *Henry*, 301 Ga. App. at 164-165.

On January 12, 2010, wife filed a motion for reconsideration based on an asserted calculation error. The motion explained that the trial court's use of 13 years in making its calculations was incorrect because it was based solely on the age of the parties' five-year-old son and neglected the fact that the parties' three-year-old daughter would be a minor for two additional years. On January 15, 2010, husband filed his application for discretionary appeal of the original divorce decree. On February 11, 2010, the trial court granted the motion for reconsideration and corrected the December 21, 2009 order to reflect that the parties' younger child "will reach the age of majority . . . 15 years from the date of this Court's original Order of Divorce." The lump-sum award was adjusted accordingly to $201,960. Husband did not file an application to appeal this ruling.

2. Husband concedes that trial courts had the discretion prior to 2007 to order lump-sum payment of child support obligations. He nevertheless contends that this authority was eliminated by the 2007 revision of OCGA § 19-6-15. We disagree.

Nothing in OCGA § 19-6-15 expressly precludes lump-sum child support awards. To the contrary, the statute as amended explicitly authorizes trial courts to exercise discretion in setting the manner and timing of payment. See OCGA § 19-6-15 (c) (2) (B) (requiring trial courts to "[s]pecify . . . in what manner, how often, to whom, and until when the support shall be paid"). This language is certainly broad enough to encompass an order to pay a child support obligation all at once.

This has long been the rule in Georgia. See *Mell v. Mell*, 190 Ga. 508, 510 (9 SE2d 756) (1940) (construing similar statutory language requiring triers of fact to "specify . . . in what manner, how often, to whom, and until when [child support] shall be paid" to authorize an award of "a lump sum which . . . shall be paid at once or in installments"). See also *Esser v. Esser*, 277 Ga. 97, 98 (586 SE2d 627) (2003) (holding that after making the required child support calculations, the trial court may properly direct a parent to pay child support in a lump sum); *Arrington v. Arrington*, 261 Ga. 547, 548

(407 SE2d 758) (1991) (same). Child support is calculated on a monthly basis, see OCGA § 19-6-15 (b), and typically is paid on a monthly basis, but there is no indication that the 2007 version of the guidelines statute eliminated the longstanding discretion of trial courts to order lump-sum payment under appropriate circumstances like those of this case. This interpretation is confirmed by related statutes which expressly recognize that lump-sum awards may occur. See OCGA §§ 19-6-26 (a) (1) (defining a child support order as "a judgment, decree, or order of a court or authorized administrative agency requiring the payment of child support in periodic amounts *or in a lump sum*" (emphasis supplied)); 19-7-51 ("The decree or order may contain any other provisions concerning the duty to support the child by periodic *or lump sum payments* . . . ." (emphasis supplied)).

3. Husband also claims that the trial court's award of lump-sum child support is improper because it precludes any future modification of his obligation, as authorized by OCGA § 19-6-15 (k), regardless of the children's needs. However, his concerns are based wholly on speculation about what might or might not occur at some point in the future. Accordingly, this issue is not ripe for adjudication. See *Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993) ("A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot.").

4. Husband next argues that the trial court erred in granting wife's motion for reconsideration and amending its earlier order to include the two additional years of his daughter's minority in his child support obligation, which increased the lump-sum payment by $26,797. However, rulings made after the judgment under review in this appeal cannot be considered. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (646 SE2d 207) (2007). The amending order was entered after husband filed the discretionary application that we granted, and he never filed a discretionary application seeking review of the later order. See *Norman v. Ault*, 287 Ga. 324, 330-331 (695 SE2d 633) (2010). Accordingly, we will not review this enumeration of error. See id. at 331.

5. Finally, husband contends that the trial court erred in failing to discount future child support payments to present value before calculating the lump-sum payment, using a discount rate of 7%, which is the rate of interest that accrues pursuant to statute on unpaid child support obligations. See OCGA § 7-4-12.1. The trial court recognized its discretion to engage in a present value calculation but declined to do so, explaining that husband failed to show "that such a reduction would be appropriate in light of the current economic climate — one in which even the most secure financial investments offer extremely low rates of return." Nothing in the

guidelines statute mandated that the trial court calculate a discounted present value, and husband did not propose or provide supporting evidence of a discount rate that better reflects the economic outlook. Under these circumstances, we cannot conclude that the trial court abused its broad discretion in setting the amount of the child support award. See OCGA § 19-6-15 (d) ("[T]he guidelines enumerated in this Code section are intended by the General Assembly to be guidelines only and any court so applying these guidelines shall not abrogate its responsibility in making the final determination of child support based on the evidence presented to it at the time of the hearing or trial."); *Henry*, 301 Ga. App. at 163 ("[R]eading the statute as a whole establishes that the legislature has granted trial courts broad discretion when ruling on child support obligations based on the factors presented to the court at the time of the award.").

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Kupferman & Golden, Gregory D. Golden*, for appellant.
*Mann & Moran, Teresa A. Mann*, for appellee.