S16A0689. FULTON COUNTY v. CITY OF ATLANTA.
(791 SE2d 821)

BLACKWELL, Justice.

In 2015, the City of Atlanta proposed to annex property in unincorporated Fulton County that the City recently had acquired, but the County objected to the proposed annexation. The property in question is a part of the Fulton County Industrial District, and the County pointed the City to a local constitutional amendment, which prohibits the annexation of property within the District. The City then filed a lawsuit against the County, alleging that the local amendment was never constitutionally adopted, it was repealed in any event by operation of the Constitution of 1983, and local laws purporting to continue the amendment are themselves unconstitutional.[1] The City sought a declaratory judgment that its proposed annexation would be lawful. The trial court entered a declaratory judgment for the City, and the County appeals. For the reasons that follow, we vacate the declaratory judgment for the City, and we remand for the trial court to dismiss this nonjusticiable lawsuit.[2]

---

[1] Approved by voters in 1979, the local constitutional amendment established the District, set out its boundaries, and provided that no part of the District could be incorporated or annexed into any municipality. Ga. L. 1979, p. 1797. For the most part, the Constitution of 1983 did away with local constitutional amendments, see Ga. Const. of 1983, Art. X, Sec. I, Par. I, but it authorized the General Assembly to preserve any preexisting local amendment by legislation, so long as the General Assembly enacted a local law ratifying the amendment to be maintained prior to July 1, 1987. See Ga. Const. of 1983, Art. XI, Sec. I, Par. IV (a). In 1983, the General Assembly enacted House Bill 85, which provides for the continuation of the 1979 local amendment upon which the County relies. See Ga. L. 1983, p. 4077. Three years later, the General Assembly enacted Senate Bill 509, which makes the same provision. See Ga. L. 1986, p. 4438. The City contends, however, that the 1979 amendment was void from its inception because its adoption violated the "single subject" rule of the Constitution of 1976, Art. XII, Sec. I, Par. I, and the City asserts that the amendment would have been repealed in any event by operation of the Constitution of 1983 because HB 85 and SB 509 are themselves unconstitutional for a variety of reasons.

[2] In the trial court, the County disputed whether this case presents a justiciable controversy, but it did not raise that issue on appeal. Nevertheless, the issue is a jurisdictional one, inasmuch as no court — trial or appellate — has jurisdiction of the subject matter in a case that presents no justiciable controversy. See, e.g., *Marietta Properties v. City of Marietta*, 319 Ga. App. 184, 186 (1) (732 SE2d 102) (2012); *Norman Enterprises Interior Design v. DeKalb County*,

It is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies, and the courts may not properly render advisory opinions. See *Hinson v. First Nat. Bank*, 221 Ga. 408, 410 (1) (144 SE2d 765) (1965) ("This court has many times held that it will not render advisory opinions. . . ."). See also *St. John's Melkite Catholic Church v. Commr. of Revenue*, 240 Ga. 733, 734 (1) (242 SE2d 108) (1978) ("We will not decide the constitutionality of a law where no justiciable case or controversy is presented." (Citations omitted)). This principle holds even in proceedings for declaratory judgments. See, e.g., *Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999) ("[T]he Declaratory Judgment Act makes no provision for a judgment that would be 'advisory.'" (Citation omitted)); *McDowell v. Judges Ex Officio*, 235 Ga. 364, 365 (219 SE2d 713) (1975) ("Not even in a declaratory judgment action is the court permitted to render an advisory opinion." (Citation omitted)); *King v. Peagler*, 227 Ga. 29, 32 (4) (178 SE2d 897) (1970) ("The Declaratory Judgment[ ] Act makes no provision for a declaratory judgment which is merely advisory." (Citations omitted)); *Liner v. City of Rossville*, 212 Ga. 664, 664-665 (2) (94 SE2d 862) (1956) ("In this State, where no justiciable controversy is alleged, an action for declaratory judgment will not lie." (Citation omitted)). Indeed, the Declaratory Judgment Act, OCGA § 9-4-1 et seq., authorizes declaratory judgments only to resolve actual and justiciable controversies. See OCGA § 9-4-2 (a), (b). See also *Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012); *Baker*, 271 Ga. at 214 (1). And "[t]here can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued." *Pilgrim v. First Nat. Bank*, 235 Ga. 172, 174 (219 SE2d 135) (1975) (citation omitted). See also *Mullin v. Roy*, 287 Ga. 810, 812 (3) (700 SE2d 370) (2010) ("A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot." (Citation and punctuation omitted)); *Brown v. Lawrence*, 204 Ga. 788, 790-791 (51 SE2d 651) (1949) ("Issues which are based on

245 Ga. App. 538, 543 (2) (b) (ii) (538 SE2d 130) (2000); *Empire Fire & Marine Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670, 673 (2) (507 SE2d 525) (1998). Cf. *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991). And this Court has an obligation to "inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 396 (2) (788 SE2d 455) (2016) (citation and punctuation omitted). Accordingly, we raised the issue with counsel at oral argument, and we directed the parties to file supplemental briefs on the following question: "Whether the City's action for declaratory judgment amounts to a request for an improper advisory opinion and raises no justiciable controversy in the absence of any municipal legislation to annex property located within the . . . District."

fictitious, colorable, hypothetical, or academic questions, or questions that have become moot, do not involve legal rights, legal status, and other legal relations within the meaning of an actual, justiciable controversy." (Citations and punctuation omitted)).

For that reason, questions about merely proposed legislation present no justiciable controversy, and judicial attempts to resolve such questions amount to advisory opinions. See *O'Kelley v. Cox*, 278 Ga. 572, 573 (604 SE2d 773) (2004) ("The judiciary is vested with the power to determine the constitutionality of legislation, but at present there is simply no legislation which can be the subject of a constitutional attack. All that does exist is a resolution of the General Assembly proposing that the Georgia Constitution be amended . . . ."); *O'Neal v. Town of Whigham*, 206 Ga. 511, 513 (57 SE2d 591) (1950) ("The court could not, in advance, pass upon this proposed amendment [to a municipal ordinance]." (Citation omitted)).[3] Cf. *Liner*, 212 Ga. at 664 (1) ("It appears that no action has been taken by the city to issue revenue-anticipation certificates or to incur any bonded debt, and the present action seeks a declaration by the court in advance of any proceeding or action by the city either to issue certificates or bonds. A declaratory judgment would therefore be purely advisory, and unauthorized by the [Declaratory Judgment Act]." (Citations omitted)); *Georgia Power Co. v. City of Cedartown*, 116 Ga. App. 596, 597 (158 SE2d 475) (1967) ("[I]f we suppose that the voters should elect not to issue bonds for the construction of an electric light and power plant, the declaration of the rights of the parties as prayed would be an advisory, academic, and useless declaration." (Citation omitted)). Not only would such an advisory opinion exceed the authority of the courts, but it would amount to an improper encroachment upon the legislative process. See *Gaskins v. Dorsey*, 150 Ga. 638 (104 SE 433) (1920) ("The judicial power will not be exerted to stay the course of legislation while it is in process of enactment."). See also *O'Kelley*, 278 Ga. at 573 (same).

Here, the controversy between the City and County is founded upon proposed legislation. The annexation that the City proposed in this case would amount to a legislative act, both in substance and

---

[3] See also *Town of Spencer v. Town of East Spencer*, 522 SE2d 297, 300 (I) (N.C. 1999) (a proposed annexation ordinance, unlike an annexation resolution of intent that has substantive legal effect under North Carolina law, does not present a justiciable controversy); 26 CJS Declaratory Judgments § 57 (updated August 2016) ("A declaratory judgment statute generally is inapplicable to determine the validity or possible effect of an ordinance which is merely proposed or contingent. Likewise, future contemplated acts of a municipality ordinarily present no grounds for a declaratory judgment action." (Citations omitted)); 22A AmJur2d Declaratory Judgments § 74 (updated August 2016) ("[t]he courts will not entertain a declaratory judgment action to determine the effect of a statute in advance of its enactment" (Citation omitted)).

form. As to substance, "[w]hen [a] municipality exercises the delegated power [of annexation], it is exercising the legislative power of the General Assembly." *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 7 (2) (178 SE2d 868) (1970). And as to form, an annexation pursuant to OCGA § 36-36-20 et seq. — the so-called "100 percent" method by which the City proposed to annex the property in question here — requires the adoption of a municipal ordinance. See OCGA § 36-36-21. It is undisputed that the City has not yet enacted such an ordinance, and rather than seeing the legislative process through to completion, it instead filed this lawsuit. It did so for the sole purpose of testing its legislative authority to annex the property at issue here, as well as the validity of other "potential future annexations" within the District. The courts certainly have jurisdiction in appropriate cases to consider the validity of annexation ordinances. See, e.g., *Cherokee County v. City of Holly Springs*, 284 Ga. 298 (667 SE2d 78) (2008); *Upson County School Dist. v. City of Thomaston*, 248 Ga. 98 (281 SE2d 537) (1981); *Paulding County v. City of Hiram*, 240 Ga. 220 (240 SE2d 71) (1977). But in this case, there simply is no annexation ordinance, the validity of which properly could be called into question.

The City suggests that this case is mostly about the validity and continuing effect of the local constitutional amendment upon which the County relies, not the proposed annexation. The validity and continuing effect of the local constitutional amendment — an amendment that was, in fact, passed — is something that the courts in a proper case may be authorized to address. See *O'Kelley*, 278 Ga. at 573 ("[T]he amendment in question certainly can be challenged in the event that it is enacted by virtue of approval by the voters." (Citation and punctuation omitted)). But the local amendment concerns the City only because the amendment (if it was validly enacted and still is in effect) would preempt the annexation that the City has proposed. Questions about the validity and effect of laws that matter only because of their potential impact upon proposed legislation (if that proposed legislation were enacted) present no justiciable controversy. See *Ga. Power Co.*, 116 Ga. App. at 596-597 (proposal to take on debt for the erection of a municipal power plant did not render questions about the validity and effect of earlier ordinances giving power franchise to Georgia Power justiciable, notwithstanding that the economic viability of proposal depended upon those questions). Moreover, the City could not have been more clear in its petition for declaratory judgment: "Atlanta seeks a declaratory judgment . . . confirming its right to annex the property [in question] into its municipal boundaries notwithstanding the [property]'s location within the Fulton County Industrial District . . . and a putative prohibition

against annexation or incorporation of [such] property . . . in a local constitutional amendment."

In any event, the City contends, a proposed annexation may present a justiciable controversy. In support of this contention, the City relies exclusively upon *Higdon v. City of Senoia*, 273 Ga. 83 (538 SE2d 39) (2000), a case in which we decided that an action for declaratory judgment would lie to resolve a dispute about a proposed annexation. In that case, however, the annexation proposal of the municipality and the objection of the county had immediate legal consequences, without regard to whether the legislative annexation process was complete. Indeed, *Higdon* involved a statutory scheme that required a municipality to submit to a dispute resolution process upon the county lodging a "bona fide land use classification objection" to a proposed annexation. See 273 Ga. at 83-84. See also former OCGA §§ 36-36-11 (Ga. L. 1998, p. 856, § 2); 36-70-24 (4) (C) (Ga. L. 1997, p. 1567, § 1). The City of Senoia proposed an annexation, Coweta County lodged a land use classification objection, and the parties were compelled to go forward with the statutory dispute resolution process. After the parties went through a portion of the process, they reached an impasse, and rather than continue on with mediation (the next step in the process), the municipality filed a lawsuit for declaratory judgment, challenging the constitutionality of the statutory dispute resolution scheme. See *Higdon*, 273 Ga. at 84. That lawsuit presented a justiciable controversy because the statutory scheme was actually triggered by the proposal and objection alone and precluded any annexation ordinance from taking effect until the completion of the dispute resolution process. Id. at 85 (1). The only alternative for the municipality in *Higdon* was to continue to endure the dispute resolution process, inasmuch as the statutes denied it any legislative power of annexation until that process was complete.

The circumstances with which we were confronted in *Higdon* are unlike those of this case. Here, the City's proposed annexation and the County's objection to that proposed annexation are just that, a proposal and an objection to a proposal. The objection lodged by the County is not one that has immediate legal consequences.[4] The City

---

[4] In *Higdon*, we distinguished *Baker* as a case in which "there was no justiciable controversy and the trial court was without jurisdiction to consider the petition for declaratory judgment because the county failed to make the required objection to the proposed annexation and land use." 273 Ga. at 85 (1). As in *Baker*, the County in this case did not make a land use classification objection that would trigger immediate legal consequences. Current OCGA § 36-36-11 (a) provides that land use disputes related to annexation are governed by Article 7, OCGA § 36-36-110 et seq. The City's notice of its proposed annexation expressed its intention to adopt similar land use and zoning restrictions to those of the County, and the County took the position that the 1979 local constitutional amendment prohibits the City's proposed annexation

simply wants to know whether this objection to its proposal — if its proposal were enacted — would have merit. Such a question is no more justiciable than an inquiry by the General Assembly about whether a proposed statute would be inconsistent with, for instance, the First Amendment. The courts are not legislative counsel, and they cannot answer such questions. The trial court should have dismissed this lawsuit. Because it did not, we vacate its judgment, and we remand for the trial court to enter an order of dismissal.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Jarrard & Davis, Kenneth P. Robin, Larry W. Ramsey, Jr.; Marvin J. Harkins, Cheryl M. Ringer, Kaye B. Burwell, Patrise M. Perkins-Hooker, Jerolyn W. Ferrari,* for appellant.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, David G. H. Brackett, Robert L. Ashe III; Holland & Knight, Robert S. Highsmith, Jr.; Joseph D. Young,* for appellee.

---

and that Article 7 is altogether inapplicable. In response to the County's motion for summary judgment, the City relied on the County's rejection of the applicability of Article 7 and argued, in part, that Article 7 is limited to land use disputes, particularly regarding the City's intended post-annexation zoning, and that the County had never asserted a land use objection and could not do so because the City did not propose to change the zoning. See OCGA § 36-36-113 (specifying what is a valid objection under Article 7, when it should be made, and what documentation is required). In short, unlike the municipality in *Higdon*, the City of Atlanta in this case is not prevented from adopting an annexation ordinance by any statutory process that — in the absence of a declaration regarding its alleged unconstitutionality — must be completed before the City attempts to exercise its legislative power of annexation.