S16A1103, S16X1105. CITY OF ATLANTA v. ATLANTA INDEPENDENT SCHOOL SYSTEM et al.; and vice versa.

(794 SE2d 162)

MELTON, Justice.

This case involves the potential effects on the territory of school systems and the ownership of school property emanating from the annexation of parts of Fulton County by the City of Atlanta. In 1950, the Georgia General Assembly passed a local constitutional amendment addressing these issues (1950 LCA). See Ga. L. 1950, p. 458. In relevant part, the 1950 LCA provides that: (1) "when the corporate limits of the City of Atlanta are extended into Fulton County, the territory embraced therein shall become a part of the independent school system of the City of Atlanta [(APS)] and shall cease to be a part of the school system of the county," id., pp. 458-459; and (2) any "school property" within this annexed territory "shall become the property of

the City of Atlanta." Id., p. 459.[1] In 1950, APS was part of the City's municipal government, not a separate political entity. See 1945 Ga. Const., Art. VII, Sec. VII, Par. I. In 1973, however, the General Assembly separated APS from the City's municipal government by enacting separate charters for the two entities and removing most educational powers and responsibilities from the City government. See Ga. L. 1973, p. 2167 (APS charter of 1973); Ga. L. 1973, p. 2188 (City of Atlanta charter of 1973).

Though the 1950 LCA continued under the Georgia Constitution of 1976, the 1983 Constitution prohibited any future local amendments. In addition, pre-existing local amendments were required to be re-adopted by local legislation, without being further amended, prior to July 1, 1987, and, if not, they would be deemed to be "repealed and . . . deleted" by operation of 1983 Ga. Const., Art. XI, Sec. I, Par. IV. In 1986, the General Assembly passed House Bill 1620 (HB 1620), see Ga. L. 1986, pp. 4812-4813, which provides that the 1950 LCA "shall not be repealed or deleted on July 1, 1987, as part of the Constitution of the State of Georgia but is specifically continued in force and effect on and after that date as part of the Constitution of the State of Georgia." Ga. L. 1986, pp. 4812-4813. HB 1620 further describes the 1950 LCA as a "constitutional amendment providing that, upon the extension of the corporate limits of the City of Atlanta into Fulton County, the additional territory and school property located in annexed area become[s] a part of the City of Atlanta independent school system." Id.

On March 18, 2015, the City initiated the current case by filing a declaratory judgment action in which it sought guidance on whether (1) the City could annex Fulton County property without also expanding the boundaries of APS to cover the newly annexed area and (2) the City could exercise its own delegated authority to determine if it wanted to expand the boundaries of APS after the City annexed new property. In essence, the City sought direction as to whether the 1950 LCA had been properly continued by HB 1620, making the City still subject to its provisions. The City argued that HB 1620 did not properly continue the 1950 LCA, and, as a result, it stood repealed. On May 15, 2015, the Fulton County School District ("FCS") moved to intervene, which the trial court allowed. Thereafter, the City moved for summary judgment, APS moved for judgment in its favor on the pleadings, and FCS moved to dismiss the City's action. On October

---

[1] Another local constitutional amendment was passed in 1960 which required the City to assume certain debt from the Fulton County School District relating to school property transferred to the City as a result of annexation. Ga. L. 1960, pp. 1441-1444.

26, 2015, the trial court entered a final order denying the City's motion, granting APS's motion, and also granting FCS's motion, treating all of them as summary judgment motions. Ultimately, the trial court determined that (1) the City's declaratory action, in part, was not barred by the doctrine of sovereign immunity and (2) the 1950 LCA was properly continued by HB 1620. The City has now appealed the trial court's ruling that the 1950 LCA was properly continued, and APS has cross-appealed to contend that the trial court erred by not finding that the City's declaratory judgment action was barred in its entirety by sovereign immunity. Because this matter was not ripe for consideration at the time that the trial court considered the City's action, we must vacate the trial court's opinion.

1. OCGA § 9-4-1, which relates to actions for a declaratory judgment, provides: "The purpose of this chapter is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and this chapter is to be liberally construed and administered." In turn, OCGA § 9-4-2 (a) continues:

> In cases of *actual controversy*, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

(Emphasis supplied.)

At the time that the trial court considered the motions of the parties, three communities in unincorporated Fulton County had submitted annexation petitions to become part of the City.[2] There was, however, no actual annexation of any of the properties in question. In addition, the City owned another parcel of property in unincorporated Fulton County Industrial District which it was considering for annexation; however, the County had objected that any such annexation would be blocked by a local constitutional amendment. At the time that the trial court considered the present matter, another trial court was considering a declaratory judgment action brought by the City that sought a determination that the local constitutional amendment restricting annexation within the Fulton County Industrial District was unconstitutional. So, the City was

---

[2] The following communities in unincorporated Fulton County filed these petitions: Loch Lomond, Sandtown, and South Oaks.

awaiting a decision in that case before proceeding to annex the parcel in the Fulton County Industrial District at the time that the present case was pending in the trial court.

Ultimately, the City's parallel declaratory judgment actions — the one in this case and the one in the case regarding the ability to annex property in the unincorporated Fulton County Industrial District — both made their way to this Court. We recently issued our opinion in the other case. See *Fulton County v. City of Atlanta*, 299 Ga. 676 (791 SE2d 821) (2016). That case is dispositive here.

In *Fulton County*, supra, we set forth the history of the long-standing principle requiring the presence of an actual justiciable controversy in order for a court to render an opinion, even in a declaratory judgment action. See, e.g., *Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999) ("[T]he Declaratory Judgment Act makes no provision for a judgment that would be 'advisory.'" (Citation omitted)); *McDowell v. Judges Ex Officio*, 235 Ga. 364, 365 (219 SE2d 713) (1975) ("Not even in a declaratory judgment action is the court permitted to render an advisory opinion." (Citation omitted)). We also noted that

> questions about merely proposed legislation present no justiciable controversy, and judicial attempts to resolve such questions amount to advisory opinions. See *O'Kelley v. Cox*, 278 Ga. 572, 573 (604 SE2d 773) (2004) ("The judiciary is vested with the power to determine the constitutionality of legislation, but at present there is simply no legislation which can be the subject of a constitutional attack. All that does exist is a resolution of the General Assembly proposing that the Georgia Constitution be amended . . . ."); *O'Neal v. Town of Whigham*, 206 Ga. 511, 513 (57 SE2d 591) (1950) ("The court could not, in advance, pass upon this proposed amendment [to a municipal ordinance]." (Citation omitted)).

(Footnote omitted.) *Fulton County*, supra at 678. With regard to the annexation of the parcel in the Fulton County Industrial District, we then concluded that the controversy was founded upon proposed legislation, as the annexation of property would amount to a legislative act both in substance and form.

This ruling holds true for all of the properties that were under consideration in the present action. Therefore, we repeat our final conclusion in that earlier case here:

> Here, [at the time that the trial court considered the matter,] the City's proposed annexation and the County's objection to

that proposed annexation [were] just that, a proposal and an objection to a proposal. The objection lodged by the County [was] not one that [had] immediate legal consequences. The City simply want[ed] to know whether this objection to its proposal — if its proposal were enacted — would have merit. Such a question is no more justiciable than an inquiry by the General Assembly about whether a proposed statute would be inconsistent with, for instance, the First Amendment. The courts are not legislative counsel, and they cannot answer such questions.

(Footnote omitted.) *Fulton County*, supra at 680-681. Therefore, just as in the parallel case,[3] we find that the trial court should have dismissed this action at the time that it was filed,[4] and, accordingly, we must vacate the decision of the trial court and remand the case for the entry of an order of dismissal.

2. For the reasons set forth above, we do not reach any of the arguments set forth in APS's cross-appeal, which relates to the same judgment now being vacated. As a result, the cross-appeal must be dismissed.

*Judgment vacated and case remanded with direction in Case No. S16A1103. Appeal dismissed in Case No. S16X1105. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, David G. H. Brackett, Robert L. Ashe III; Holland & Knight, Robert S. Highsmith, Jr.; Joseph D. Young*, for City of Atlanta.

*Rogers & Hardin, Phillip S. McKinney, Richard H. Sinkfield, Timothy J. Fitzmaurice*, for Atlanta Independent School System.

*Hawkins Parnell Thackston & Young, Christine L. Mast, Kimberly D. Stevens*, for Fulton County School District.

---

[3] As discussed at length in *Fulton County*, the City's reliance on *Higdon v. City of Senoia*, 273 Ga. 83 (538 SE2d 39) (2000), to argue that a justiciable controversy existed is misplaced.

[4] In supplemental briefs filed well after this appeal was docketed, the City now attempts to provide evidence that some of its proposed annexations have now, in fact, occurred. The City contends that this fact supports its contention that an actual controversy exists. Even if this evidence were properly filed here, this matter was not ripe at the time that the trial court entered its original order. To the extent that the City believes that the matter is ripe now, it must resort to the trial court for consideration.