307 Ga. 877
FINAL COPY

S19A1203.  CITY OF ATLANTA et al. v. ATLANTA
INDEPENDENT SCHOOL SYSTEM.

BENHAM, Justice.

This dispute between the City of Atlanta ("the City") and the Atlanta Independent School System ("APS") involves the City's annexing property in Fulton County while expressly prohibiting the co-expansion of APS's territory. We granted the City's application for interlocutory appeal challenging the trial court's denial of its motion to dismiss. We now conclude that this matter does not amount to an actual, justiciable controversy; consequently, we vacate the trial court's order and remand for this case to be dismissed by the trial court.

These parties have appeared before this Court numerous times, and the instant dispute is part of a larger, ongoing disagreement between the City and APS.  As we explained in 2016,

> [t]his case involves the potential effects on the territory of
> school systems and the ownership of school property

emanating from the annexation of parts of Fulton County by the City . . . . In 1950, the Georgia General Assembly passed a local constitutional amendment addressing these issues (1950 LCA). In relevant part, the 1950 LCA provides that: (1) "when the corporate limits of the City of Atlanta are extended into Fulton County, the territory embraced therein shall become a part of [APS] and shall cease to be a part of the school system of the county"; and (2) any "school property" within this annexed territory "shall become the property of the City of Atlanta." In 1950, APS was part of the City's municipal government, not a separate political entity. In 1973, however, the General Assembly separated APS from the City's municipal government by enacting separate charters for the two entities and removing most educational powers and responsibilities from the City government.

Though the 1950 LCA continued under the Georgia Constitution of 1976, the 1983 Constitution prohibited any future local amendments. In addition, pre-existing local amendments were required to be re-adopted by local legislation, without being further amended, prior to July 1, 1987, and, if not, they would be deemed to be "repealed and . . . deleted" by operation of 1983 Ga. Const., Art. XI, Sec. I, Par. IV. In 1986, the General Assembly passed House Bill 1620 (HB 1620), which provides that the 1950 LCA "shall not be repealed or deleted on July 1, 1987, as part of the Constitution of the State of Georgia but is specifically continued in force and effect on and after that date as part of the Constitution of the State of Georgia." HB 1620 further describes the 1950 LCA as a "constitutional amendment providing that, upon the extension of the corporate limits of the City of Atlanta into Fulton County, the additional territory and school property located in annexed area become[s] a part of the City of Atlanta independent school system."

2

On March 18, 2015, the City initiated . . . a declaratory judgment action in which it sought . . . *direction as to whether the 1950 LCA had been properly continued by HB 1620, making the City still subject to its provisions.* . . . Ultimately, the trial court determined that . . . the 1950 LCA was properly continued by HB 1620.

(Citations omitted; emphasis supplied.) *City of Atlanta v. Atlanta Independent School System*, 300 Ga. 213, 213-215 (794 SE2d 162) (2016).

When the City appealed, we concluded that the case "was not ripe for consideration at the time that the trial court considered the City's action" because no annexation had yet occurred; we thus vacated the trial court's opinion. *City of Atlanta*, 300 Ga. at 215. See also *Fulton County v. City of Atlanta*, 299 Ga. 676 (791 SE2d 821) (2016) (concluding that the City's parallel declaratory judgment action regarding its ability to annex property in the unincorporated Fulton County Industrial District was also nonjusticiable). Notably, we have previously mentioned that the ongoing litigation is seemingly designed "for the sole purpose of testing [the City's] legislative authority to annex the property at issue . . . as well as the

3

validity of other 'potential future annexations' within the District."
*Fulton County*, 299 Ga. at 679.

In 2017, the City enacted City Ordinance 17-O-1549 ("the 2017 Ordinance"), which annexed a parcel of land in the Fulton County Industrial District already owned by the City while expressly prohibiting the co-expansion of APS's boundaries only in regard to this annexation.[1] The parcel consists of a former bank building and its parking lot that is currently used by the City as a police precinct. As a not-unexpected consequence, APS filed an action for declaratory, injunctive, and mandamus relief, challenging the validity of the 2017 Ordinance, which, in turn, calls into question the constitutionality of the 1950 LCA. The City subsequently moved to dismiss, and the trial court denied the motion. This Court then granted the City's application for interlocutory appeal.

Before reaching the merits of any case, a court must make a

---

[1] Specifically, the 2017 Ordinance provides that "[i]t is the expressed intent of the Atlanta City Council that the annexation of the Property shall not act to expand the boundaries of the APS *for this annexation*." (Emphasis supplied.)

4

threshold determination as to whether the case at bar is properly before it — that is, whether one or several of the doctrines of jurisdiction and justiciability preclude judicial review.[2] See generally *Lathrop v. Deal*, 301 Ga. 408, 432 (III) (B) (801 SE2d 867) (2017). Proceedings for declaratory judgment, like this one, are governed by the Declaratory Judgment Act, which provides:

> In cases of *actual controversy*, the respective superior courts of this state and the Georgia State-wide Business Court shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be

[2] The City raised the issue of APS's standing in the trial court, and this Court directed the parties to brief that issue on appeal. The issue of whether this case presents an otherwise justiciable controversy, however, was not raised until oral argument.

> Nevertheless, the issue is a jurisdictional one, inasmuch as no court — trial or appellate — has jurisdiction of the subject matter in a case that presents no justiciable controversy. . . . And this Court has an obligation to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. (Citations and punctuation omitted.)

*Fulton County*, 299 Ga. at 676 n.2.

Following oral argument, we directed the parties to file supplemental briefs on the following questions:

> (1) Does the annexation at issue involve any school property, any property taxable for educational purposes, the residence of any voter or public school student, or any other matter affecting the operations or funding of [APS]? (2) If not, does this lawsuit present a justiciable controversy (or does it instead amount to a request for an improper advisory opinion)?

prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

(Emphasis supplied.) OCGA § 9-4-2 (a). Mere disagreement about the "abstract meaning or validity of a statute [or ordinance]" does not constitute an actual controversy within the meaning of the Declaratory Judgment Act. *Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012). See also *Fourth Street Baptist Church of Columbus v. Bd. of Registrars*, 253 Ga. 368, 369 (1) (320 SE2d 543) (1984) ("[A] court may not declare the rights of parties when there is no actual or justiciable controversy; it has no province to determine whether or not a statute, in the abstract, is valid, or to give advisory opinions." (citations omitted)). Indeed, it is well settled in this state that "the jurisdiction of the courts is confined to justiciable controversies, and the courts may not properly render advisory opinions." *Fulton County*, 299 Ga. at 677.

Instead, the relief sought by a plaintiff must have some immediate legal effect on the parties' conduct, rather than simply burning off an abstract fog of uncertainty. See *Fulton County*, 299

6

Ga. at 680 (distinguishing *Higdon v. Senoia*, 273 Ga. 83 (538 SE2d 39) (2000), and explaining that proposed annexation in *Higdon* presented a justiciable controversy where "the annexation proposal of the municipality and the objection of the county [to that proposal] had *immediate legal consequences*" (citation and punctuation omitted; emphasis supplied)); *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 394-395 (801 SE2d 821) (2017) ("The proper scope of declaratory judgment is to adjudge those rights among parties *upon which their future conduct depends.*" (emphasis supplied)); *City of Atlanta v. Hotels.com*, 285 Ga. 231, 235 (674 SE2d 898) (2009) (recognizing justiciable claim for declaratory judgment where city sought clarification as to applicability of hotel tax ordinance); *Agan v. State*, 272 Ga. 540, 542-543 (2) (533 SE2d 60) (2000) ("Inasmuch as there exist circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize

7

his interest, there exists a justiciable controversy resolvable by a declaratory judgment." (citation and punctuation omitted)).

Here, APS has failed to establish the existence of an *actual* controversy, for purposes of declaratory relief, because it has failed to demonstrate that a ruling in its favor would have any immediate legal consequence. As noted above, the 2017 Ordinance is explicitly limited to the annexation of a singular parcel of land that the City already owned. The parcel consists of a former bank building currently being used as a police precinct. It is not used for residential or school purposes, nor is it subject to any school taxes. Indeed, APS has not articulated any future conduct upon which this Court's resolution of the parties' dispute depends; although APS makes a passing assertion that it does not know whether "it may lawfully include the annexed parcel on the map of the school district," it does not suggest that this will have a legal effect on anything. Though APS concedes that the requested relief would have no immediate legal effect given the parcel's current ownership and use, it nevertheless asserts that the parcel's status "*may* change in the

8

future." However, there is nothing in the record that suggests that such a change is imminent or how the status would change, so "the declaration of the rights of the parties as prayed would be an advisory, academic, and useless declaration." *Ga. Power Co. v. City of Cedartown*, 116 Ga. App. 596, 596 (158 SE2d 475) (1967). See also *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999) ("Declaratory judgment will not be rendered based on a possible or probable future contingency. Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated." (citations and punctuation omitted)).

APS's petition for declaratory judgment proves our point: in its petition, APS requested that the trial court enter judgment finding, in part, that "*going forward* APS's boundaries are legally required to be coterminous with Atlanta's boundaries within Fulton County and therefore include the [annexed parcel]." (Emphasis supplied.) Though APS ostensibly bases its claim upon the validity of the 2017 Ordinance, in reality, APS seeks a determination as to the validity

of the 1950 LCA, apparently in anticipation of future dust-ups between the parties concerning the City's annexation authority. Clearly, APS has asked the trial court "to do what it is not authorized to do: to render an advisory opinion on hypothetical and legal questions that have not arisen but which [APS] fear[s] may arise at a future date." *Cheeks v. Miller*, 262 Ga. 687, 689 (425 SE2d 278) (1993).

The trial court was therefore without jurisdiction to entertain such a request, and this case should have been dismissed.[3]

*Judgment vacated and case remanded with direction. All the Justices concur, except Boggs, J., not participating, and Peterson, J., disqualified.*

DECIDED FEBRUARY 10, 2020.
Annexation. Fulton Superior Court. Before Judge Goger.
*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, David G. H. Brackett, Robert L. Ashe III; Holland & Knight, Robert S.*

---

[3] We noted above that, in its petition for declaratory judgment, APS also pursued both injunctive and mandamus relief. APS's claims for injunctive and mandamus relief, however, depend on a favorable resolution of its claim for declaratory judgment, which we have concluded must be dismissed as nonjusticiable. Therefore, "[w]ithout the declaratory judgment as its foundation, the request for injunctive [and mandamus] relief fails." (Citation and punctuation omitted.) *Berzett*, 301 Ga. at 395.

*Highsmith, Jr.; Joseph D. Young; Dillard Sellers, Jeffrey S. Haymore; Susan M. Garrett, Nina Hickson*, for appellants.

*Rogers & Hardin, Richard H. Sinkfield, Michael L. Eber, Rachel M. Bishop, Cameron B. Roberts*, for appellee.